**COPY**



1  Rose M. Zoia • sbn 134759
2  Law Office of Rose M. Zoia
3  50 Old Courthouse Square, Suite 600
   Santa Rosa CA 95404
4  ph 707.526.5894
   fax 707.526.5895
5  Attorneys for Plaintiff
6



E-filing

7
8  **UNITED STATES DISTRICT COURT FOR**
   **THE NORTHERN DISTRICT OF CALIFORNIA**
9
10
11 ROHNERT PARK CITIZENS TO           **C 07 4607**
12 ENFORCE CEQA, and DOES 1 through 5,   CASE NUMBER _____
   inclusive,
13                Plaintiff,                                    **TEH**
14 v.                                   **COMPLAINT FOR**
                                        **DECLARATORY, MANDAMUS,**
15 CALIFORNIA DEPARTMENT OF             **AND INJUNCTIVE RELIEF FOR**
   TRANSPORTATION, UNITED STATES        **VIOLATIONS OF THE NATIONAL**
16 DEPARTMENT OF TRANSPORTATION,        **ENVIRONMENTAL POLICY ACT,**
17 FEDERAL HIGHWAY ADMINISTRATION,      **ADMINISTRATIVE PROCEDURE**
   and DOES 6 through 10, inclusive,    **ACT, THE CALIFORNIA**
18                                      **ENVIRONMENTAL QUALITY ACT,**
19              Defendants.             **AND THE CALIFORNIA PUBLIC**
   _____/  **RECORDS ACT**
20
21
22
23                                                              **BY FAX**
24
25
26
27
28

Plaintiff alleges:

## I. INTRODUCTION

1. Plaintiff Rohnert Park Citizens to Enforce CEQA (RPCEC) brings this mandamus action challenging the California Department of Transportation's (Caltrans) processing and alleged approval of the Wilfred Avenue Interchange Project (the project) in violation of the California Environmental Quality Act (CEQA) and, as an agency of the Federal Department of Transportation (DOT), the Federal Highway Administration's (FHWA) processing and approval of the project in violation of the National Environmental Policy Act (NEPA) and the Administrative Procedure Act (APA). The project proposes to modify the interchange to connect Wilfred Avenue to Golf Course Drive by an undercrossing and widen and realign Route 101 for HOV lanes from the Rohnert Park Expressway Overcrossing to the Santa Rosa Avenue Overcrossing.

The DOT and FHWA failed to recirculate the FONSI or prepare an environmental impact statement (EIS) or a supplement to the FONSI or a supplemental EIS (SEIS) based on significant new circumstances or information relevant to environmental concerns that bear on the proposed action and its impacts. Caltrans failed to prepare an EIR or recirculate the negative declaration after significant new information became known or conduct subsequent or supplemental environmental review based on substantial changes to the project and/or substantial changes with respect to the circumstances under which the project is being undertaken and/or new significant information, which was not

known and could not have been known at the time the negative declaration was adopted.

Caltrans further violated the California Public Records Act (PRA) by improperly and without justification withholding certain non-exempt and non-privileged public records from plaintiff and plaintiff's members and representatives, who are members of the public, thereby causing plaintiff great harm.

Among other relief prayed for below, plaintiff requests a peremptory writ of mandate in the first instance ordering the DOT and the FHWA and Caltrans to set aside and void their respective actions related to the project and to commence new proceedings only upon compliance with NEPA, the APA, CEQA, the PRA, and all other applicable laws prior to further consideration of the project.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to Sections 1331 and 1361 of Title 28 of the U.S. Code, because this pleading alleges violations of NEPA and the APA, both federal laws, and seeks to compel the DOT and the FHWA to perform duties owed to plaintiff, its members, and other members of the public. The Court also has jurisdiction over this proceeding pursuant to Section 701 *et seq.* of Title 5 of the U.S. Code, because the pleading seeks judicial review of action taken by one or more agencies of the United States. Further, the Court has jurisdiction over this proceeding pursuant to Section 2201 of Title 28 of the U.S. Code, because plaintiff seeks declaratory

relief against the DOT and the FHWA. This Court has pendent jurisdiction over the state CEQA and PRA claims joined with the federal NEPA claim.

3. Venue is proper in this Court under Section 1391(e) of Title 28 of the U.S. Code, because both a substantial part of the events or omissions giving rise to this proceeding were committed in this judicial district and a substantial part of the property at issue in this proceeding is located in this judicial district.

4. Plaintiff has satisfied each and every exhaustion of remedies requirement that must be satisfied in order to maintain this proceeding. Alternatively, no exhaustion of remedies requirement may be applied to plaintiff.

### III. PARTIES

5. Plaintiff RPCEC is a unincorporated association which purposes include protecting and preserving environmental resources in Southern Sonoma County including the City of Rohnert Park and its environs. RPCEC is composed of persons whose interests will be severely injured if the approvals are not set aside pending further review on the project in full compliance with NEPA, the APA, CEQA, the PRA, and all other environmental laws. The members of RPCEC utilize and enjoy Sonoma County's and the State's environmental resources and RPCEC brings this petition on behalf of all others similarly situated who are too numerous to be named and brought before this Court as plaintiffs. As an organization composed of residents and property owners within Sonoma County, RPCEC is within the class of persons beneficially interested in, and aggrieved by, the acts of defendants as alleged below and fully participated in the administrative processes related to the project. An injury-in-fact will occur as a result of the

-4-

DOT's and the FHWA's actions and this injury can be redressed by the judicial remedy requested herein. RPCEC is asserting its own legal interests within the zone of environmental interests and not solely for economic interests. RPCEC and/or its members will be directly affected by the project and has a beneficial right and interest in the DOT's and the FHWA's fulfillment of all their legal duties, as alleged in this pleading.

6. Plaintiff has no plain, speedy, adequate remedy in the ordinary course of law since Plaintiff, its members, and other members of the public will suffer irreparable harm as a result of defendants' violations of NEPA, the APA, CEQA, the PRA, and other laws. Defendants' processing and approvals of the project also rest on the failure to satisfy a clear, present, ministerial duty to act in accordance with those laws. Even when defendants are permitted or required by law to exercise their discretion in approving projects under those laws, they remain under a clear, present, ministerial duty to exercise their discretion within the limits of and in a manner consistent with those laws. Defendants have had and continue to have the capacity and ability to process and approve the project within the limits of and in a manner consistent with those laws, but defendants have failed and refuse to do so and have exercised their discretion beyond the limits of and in a manner inconsistent with those laws.

7. Defendant Caltrans is a department of the State of California Business, Housing and Transportation Agency, is duly organized under the laws of the State, and is the lead agency under CEQA for the project.

8. Defendant Federal Highway Administration (FHWA) is an agency of the United States Department of Transportation, is duly organized under the laws of the United States, and is the lead agency under NEPA for the project.

9. Does 1 through 10 are sued under fictitious names. Their true names and capacities are unknown to plaintiffs  When true names and capacities are ascertained, plaintiffs will amend this petition to assert them. Plaintiffs are informed and believe that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the damages as herein alleged were proximately caused by their conduct.

## IV. GENERAL ALLEGATIONS

10. Plaintiff fully incorporates herein by reference paragraphs 1 through 9, above.

11. In July 2004, Caltrans and the FHWA released a joint "Initial Study (CEQA)/Environmental Assessment (NEPA)" (IS/EA). The IS/EA does not discuss the Graton Rancheria Casino and Hotel Project, an approximately 762,000 square foot gaming and entertainment facility in the project vicinity proposed by the Federated Indians of Graton Rancheria to be developed and managed by Station Casinos, Inc. (proposed casino).

12. In June 2005, Caltrans and the FHWA released another joint IS/EA which also does not discuss the proposed casino.

13. On July 6, 2005, Caltrans filed a Notice of Determination (NOD) for the project with the State of California Office of Planning and Research

Clearinghouse, clearinghouse no. 2004072103. The NOD states that Caltrans approved the project on June 29, 2005 based on a Negative Declaration.

14. However, in November 2006, Caltrans and FHWA published a joint "Negative Declaration/Initial Study (CEQA) Environmental Assessment/Finding of No Significant Impact (NEPA)." The Neg Dec/FONSI does not discuss the proposed casino.

15. On April 19, 2007, plaintiff wrote to Caltrans, following up on a phone message, requesting, among other things, notification in writing of any hearings, approvals, or resolutions regarding the project that followed the publication of the Neg Dec/FONSI. Plaintiff received no response to that letter.

16. On May 1, 2007, plaintiffs submitted a California Public Records Act request to Caltrans in which it requested, among other things, all notices issued by Caltrans to comply with CEQA or with any other law governing the processing and approval of the project including but not limited to NODs.

17. Caltrans' initially responded to the PRA request on or about June 5, 2007 and a representative of plaintiff inspected the documents and chose all of the provided documents for copying on June 6, 2007.

18. On June 19, 2007, plaintiff was notified that the documents were ready to be picked up. Plaintiff also was notified that further documents responsive to the PRA request had been identified and were ready for inspection by plaintiff.

19. Plaintiff picked up the first batch of documents on June 27, 2007, and on June 28, 2007 reviewed and chose all documents from the additional batch to be copied.

20. On July 10, 2007, Caltrans informed the representative that the second batch was ready for pick up and the representative picked up those documents on July 11, 2007. Neither batch of documents contained any documentation, including any NODs, relative to any agency approval of the project.

21. Therefore, on July 31, 2007 plaintiff informed Caltrans in writing that its response to the PRA did not include any documentation relative to Caltrans' approval of the project and to "please confirm that there exists no documentation indicating Caltrans' approval of this project."

22. Also on July 31, 2007, plaintiff wrote Caltrans again requesting whether or not Caltrans approved the project.

23. Caltrans responded on August 14, 2007, that "[t]he Department has approved the Wilfred Avenue Interchange Project consistent with applicable environmental laws and Departmental practices, policies and procedures. Furthermore, all responsive documents regarding the Wilfred Avenue Interchange Project, including those relating to project approval, which were not subject to statutory exemptions or privileges, have been identified and made available at the Department's Oakland, California office for your client's review on the designated dates and times. Although the Department has conducted a complete and thorough search, in the event that the Department locates any additional, non-exempt, nonprivileged responsive documents, the Department will notify you immediately."

24. Although NODs are not exempt or privileged documents, Caltrans never provided plaintiff with any copies of any NODs in response to plaintiff's PRA request.

25. On August 29, 2007, plaintiff happened to discover a listing on the State of California Office of Planning and Research Clearinghouse website that shows that ostensibly on June 18, 2007, Caltrans filed another Notice of Determination (NOD) for the project, clearinghouse no. 2004072103. This NOD states that Caltrans approved the project on June 7, 2007 based on a Negative Declaration.

26. Caltrans did not send plaintiff notification in writing of any hearing relative to this alleged approval nor of the alleged approval itself, pursuant to plaintiff's letter dated April 19, 2007.

27. Plaintiff alleges on information and belief that the FHWA has approved the project.

28. This petition is timely filed on August 31, 2007.

29. Plaintiff has no plain, speedy, and adequate remedy in the ordinary course of law. If the approvals remain in place, the construction of the project will proceed with immediate, severe, and irreparable harm to the environment, to plaintiff, and to Sonoma County and State of California residents due to environmental degradation and the failure of Caltrans and the DOT and the FHWA to follow the law in its approval process. Caltrans and the DOT and the FHWA have the capacity to correct its violations of law but has failed and refused to do so.

## V. CAUSE OF ACTION FOR VIOLATIONS OF NEPA AND THE APA
## (against the DOT and the FHWA)

30. Plaintiff fully incorporates herein by reference paragraphs 10 through 29, above.

31. NEPA requires every federal agency to prepare an environmental impact statement ("EIS") for every major action significantly affecting the quality of the human environment that the agency proposes to approve or carry out.

32. The DOT and the FHWA have not prepared an EIS for the project. The project, however, is a major action proposed to be approved and carried out by at least one federal agency and has the potential to affect the quality of the human environment, including but not limited to the environment in Rohnert Park and Southern Sonoma County. Such environmental impacts are in the areas of, among other things, traffic, air quality, noise, biological resources, hazards and hazardous materials, water quality, land use and planning, public services, cumulative impacts, and public safety, due to, among other things, the proposed casino.

33. The DOT's and the FHWA's refusal to prepare an EIS for the project is contrary to NEPA, arbitrary and capricious under the APA, a prejudicial abuse of discretion, and otherwise not in accordance with the law and/or were without observance of procedures as required by law.

34. Further, under certain circumstances, NEPA requires every federal agency to recirculate or prepare a supplemental environmental impact statement ("SEIS"), i.e., a statement that supplements a previously prepared EIS, for every major action significantly affecting the quality of the human environment that the

-10-

agency proposes to approve or carry out. In particular, recirculation must occur or an SEIS must be prepared when (*i*) the agency makes substantial changes in the proposed action that are relevant to environmental concerns or (*ii*) there are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts. Additionally, every federal agency must (*i*) adopt procedures for introducing an SEIS into its formal administrative record (if there is one) for the proposed action and (*ii*) prepare, circulate, and file an SEIS in the same manner as a draft or final EIS unless alternative procedures have been approved by the Council on Environmental Quality.

35. The DOT and the FHWA have not recirculated or prepared an SEIS for the project and opted instead to rely on the FONSI. However, there are significant new circumstances and/or information relevant to environmental concerns over and bearing on the project and its environmental impacts including but not limited to impacts in the areas of, among other things, traffic, air quality, noise, biological resources, hazards and hazardous materials, water quality, land use and planning, public services, cumulative impacts, and public safety, due to, among other things, the proposed casino.

36. The DOT's and the FHWA's refusal to recirculate or prepare an SEIS for the project is contrary to NEPA, arbitrary and capricious under the APA, a prejudicial abuse of discretion, and otherwise not in accordance with the law and/or were without observance of procedures as required by law.

37. Plaintiff, its members, and other members of the public have been harmed as a result of the DOT's and the FHWA's violations of NEPA and the APA because they have been denied the benefits and protections provided by compliance with those laws. By way of example and without limitation, plaintiff, its members, the public, and the decision-makers who approved and are carrying out the project were not fully informed about the project prior to the decision to approve and carry out the project.

## VI. CAUSE OF ACTION FOR VIOLATIONS OF CEQA
### (against Caltrans)

38. Plaintiff fully incorporates herein by reference paragraphs 30 through 37, above.

39. Caltrans abused its discretion and failed to act in the manner required by law by failing to recirculate based on significant new information pursuant to section 15088.5 of the CEQA Guidelines (14 Cal. Code Regs.) or require subsequent or supplemental environmental review pursuant to section 15162 or section 15163 of the Guidelines based on significant new information or substantial changes to the project cirumstances including but not limited to the proposed casino. Such changes implicate, among other things, environmental impacts in the areas of traffic, air quality, noise, biological resources, hazards and hazardous materials, water quality, land use and planning, public services, cumulative impacts, public safety, and mandatory findings of significance.

40. Caltrans abused its discretion and failed to act in the manner required by law by failing to notify plaintiff of any hearings, approvals, or resolutions

-12-

regarding the project that followed the publication of the Neg Dec/FONSI, despite plaintiff's explicit and repeated written and oral requests.

### VII. CAUSE OF ACTION FOR VIOLATIONS OF THE PRA
### (against Caltrans)

41. Plaintiff fully incorporates herein by reference paragraphs 38 through 40, above.

42. Caltrans abused its discretion and failed to act in the manner required by law by improperly and without justification withholding certain non-exempt and non-privileged public records from plaintiff and plaintiff's members and representatives, who are members of the public, thereby causing plaintiff great harm.

**WHEREFORE**, plaintiff prays:

1. That the Court issue a Peremptory Writ of Mandate ordering defendants to set aside their respective actions and any approvals in furtherance of the project and to comply with NEPA, the APA, CEQA, the PRA, and other applicable laws prior to further consideration the project;

2. For declaratory relief against the DOT and the FHWA establishing that the FHWA must recirculate or prepare an EIS or a supplement to the FONSI pursuant to NEPA and the APA;

3. That, upon necessity and the filing of a request, the Court issue a stay of the administrative approvals and/or a temporary restraining order and preliminary injunction enjoining defendants and their subcontractors, agents, employees, heirs, assigns, or representatives from engaging in any physical

-13-

activity connected with the approvals or the project while this petition is pending;

    4. That the Court issue a permanent injunction enjoining defendants and their subcontractors, agents, employees, heirs, assigns, or representatives from engaging in any activity connected with the approvals or the project unless and until this Court finds that the approvals are in full compliance with NEPA, the APA, CEQA, the PRA, and all other applicable laws;

    5. Any and all other relief that may be authorized by NEPA, the APA, CEQA, the PRA or any other applicable law but not explicitly or specifically requested elsewhere in this complaint or prayer;

    6. For costs of suit and attorney's fees herein pursuant to section 1021.5 of the California Code of Civil Procedure and/or the Equal Access to Justice Act, 28 U.S.C. §§ 2412(b), (d), and/or section 6259(d) of the California Government Code or pursuant to any other applicable law.

    7. For other and further relief as the court may deem proper.

Dated: August 31, 2007        Law Office of Rose M. Zoia


                                      _____/s/_____
                                      Rose M. Zoia (as authorized on 08/31/07)
                                      Attorney for Plaintiff

## VERIFICATION

I am a member of Plaintiff Rohnert Park Citizens to Enforce CEQA. I have read the Complaint for Declaratory, Mandamus, and Injunctive Relief for Violations of the National Environmental Policy Act, Administrative Procedure Act, the California Environmental Quality Act, and the California Public Records Act and know its contents. The matters stated in it are true and correct based on my knowledge, except as to the matters which are stated therein on information and belief and as to those matters, I believe them to be true.

I declare under penalty of perjury that the above is true and correct. Executed this 31st day of August 2007, at Santa Rosa, California.

_____/s/_____
Linda Long (as authorized on 08/31/07)

-15-

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the County of Sonoma. I am over the age of eighteen years and not a party to the within entitled action. My business address is 50 Old Courthouse Square, Suite 600, Santa Rosa, California 95404.

On August 31, 2007, I served one true copy of COMPLAINT FOR DECLARATORY, MANDAMUS, AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE NATIONAL ENVIRONMENTAL POLICY ACT, ADMINISTRATIVE PROCEDURE ACT, THE CALIFORNIA ENVIRONMENTAL QUALITY ACT, AND THE CALIFORNIA PUBLIC RECORDS ACT by mailing via U.S. Postal Service, first-class, certified mail, postage pre-paid, to the entities and addresses listed below:

U.S. Attorney's Office
Northern District of California
450 Golden Gate Avenue
11th Floor
San Francisco, CA 94102
*Defendants United States Department of Transportation, Federal Highway Administration*

U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 4390
Ben Franklin Station
Washington, DC 20044-4390
*Defendants United States Department of Transportation, Federal Highway Administration*

United States Attorney's Office
1301 Clay Street
Suite 340S
Oakland, CA 94612
*Defendants United States Department of Transportation, Federal Highway Administration*

Attorney General of the United States U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
*Defendants United States Department of Transportation, Federal Highway Administration*

Caltrans District 4
P.O. Box 23660
Oakland, CA 94623-0660

and by mailing via U.S. Postal Service, first-class, pre-paid postage, to the persons or entities and addresses listed below:

State of California
Office of the Attorney General
1300 "I" Street
P.O. Box 944255
Sacramento, CA 94244-2550
*Defendant California Department of Transportation*

Sally Magnani Knox
Deputy Attorney General
State of California
Department of Justice
P. O. Box 944255
Sacramento CA 94244-2550
*California Attorney General*

State of California
Office of the Attorney General
455 Golden Gate
Suite 11000
San Francisco, CA 94102-7004
*Defendant California Department of Transportation*

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 31, 2007, at Santa Rosa, California.

_____/s/_____
Rose M. Zoia (as authorized on 08/31/07)

-16-