SCOTT N. SCHOOLS (SCSB 9990)
United States Attorney
JOANN SWANSON (CSBN 88143)
Chief, Civil Division
CHARLES M. O'CONNOR (CSBN 56320)
    Assistant United States Attorney
    450 Golden Gate Avenue, 9th Floor
    P.O. Box 36055
    San Francisco, CA 94102
    415-436-7180

Attorneys for the Federal Defendants

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROHNERT PARK CITIZENS TO ENFORCE CEQA, and DOES 1 through 5, inclusive<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION, UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, and DOES 6 through 10, inclusive,<br><br>    Defendants. | Civil No. 07-04607 THE<br><br>**ANSWER OF THE**<br>**FEDERAL DEFENDANTS** |

    United States Department of Transportation, and the Federal Highway Administration ("FHWA") (also collectively referred to herein as the "United States" or "Federal Defendants") hereby answer and assert affirmative defenses to the claims and allegations contained in the numbered paragraphs of the Complaint for Declaratory, Mandamus, and Injunctive Relief for Violations of the National Environmental Policy Act, Administrative Procedure Act, the California Environmental Quality Act, and the California Public Records Act (hereinafter, "Plaintiffs' Complaint" or "Complaint").

//

//

## INTRODUCTION

1. In response to the allegations set forth in the first paragraph of numbered paragraph 1 of Plaintiffs' Complaint[1], Federal Defendants aver that allegations in the first sentence constitute Plaintiffs' characterization of their case, to which no response is required.  Federal Defendants admit the factual allegations of the second sentence of the same paragraph.  The remaining allegations of numbered paragraph 1 are characterizations of plaintiffs' case to which no response is required.  To the extent any part of this paragraph is not specifically admitted, and an answer is deemed necessary, it is denied.

## JURISDICTION AND VENUE

2. The jurisdictional allegations of paragraph 2 are conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain any statement of fact, it is denied.

3. The venue allegations of paragraph 3 are conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain any statement of fact, it is denied.

4. The jurisdictional allegations of paragraph 4 are conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain any statement of fact, it is denied.

## PARTIES

5. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5 concerning plaintiff Rohnert Park Citizens to Enforce CEQA and on that basis deny the allegations.

6. The factual allegations of paragraph 6 are denied.  Any remaining allegations are conclusions of law and require no response.  To the extent the remaining allegations are deemed to contain any statement of fact, they are denied.

7. The factual allegations of paragraph 7 are admitted.

---

[1] Although the introductory numbered paragraph of Plaintiffs' Complaint contains four sub-paragraphs within, the entire paragraph is numbered "1."  Defendants have conformed this Answer to plaintiffs' paragraph numbering system to avoid confusion.

8. The factual allegations of paragraph 8 are admitted.

9. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 9 concerning Does 1 through 10 and on that basis deny the allegations.

## PLAINTIFFS' GENERAL ALLEGATIONS

10. The United States hereby fully incorporates, by this reference, its previous answers to paragraphs 1 through 9 of the Complaint, inclusive, as though fully set forth herein.

11. Federal Defendants admit the factual allegations set forth in the first sentence of paragraph 11. The remaining allegations set forth in paragraph 11 purport to characterize the July 2004 joint California Department of Transportation draft Initial Study and FHWA draft Environmental Assessment for the Wilfred Avenue Interchange Project ("Project"), which speaks for itself and contains the best evidence of its content, and as such requires no response. To the extent those remaining allegations are deemed to contain any statement of fact, they are denied.

12. Federal Defendants admit a joint California Department of Transportation Negative Declaration/Initial Study and FHWA Environmental Assessment ("June 2005 IS/EA") was released to the public in June 2005. The remaining allegations set forth in paragraph 12 purport to characterize the contents of the June 2005 IS/EA, which speaks for itself and contains the best evidence of its content, and as such requires no response. To the extent those remaining allegations are deemed to contain any statement of fact, they are denied.

13. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 13 and on that basis deny the allegations.

14. Federal Defendants admit the factual allegations in the first sentence of paragraph 14. The remaining allegations set forth in paragraph 14 purport to characterize the contents of the FHWA Finding of No Significant Impact, which document speaks for itself and contains the best evidence of its content, and as such requires no response. To the extent those remaining allegations are deemed to contain any statement of fact, they are denied.

15. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 15 and on that basis deny the allegations.

16. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 16 and on that basis deny the allegations.

17. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 17 and on that basis deny the allegations.

18. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 18 and on that basis deny the allegations.

19. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 19 and on that basis deny the allegations.

20. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 20 and on that basis deny the allegations.

21. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 21 and on that basis deny the allegations.

22. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 22 and on that basis deny the allegations.

23. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 23 and on that basis deny the allegations.

24. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 24 and on that basis deny the allegations.

25. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 25 and on that basis deny the allegations.

26. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 26 and on that basis deny the allegations.

27. Federal Defendants admit FHWA issued a Finding of No Significant Impact under the National Environmental Policy Act for the Project on November 6, 2006. Except as expressly admitted, the allegations of paragraph 27 are denied.

28. Federal Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 28 and on that basis deny the allegations.

1    29. The factual allegations of paragraph 29 are denied. Any remaining allegations are conclusions of law and require no response. To the extent those remaining allegations are deemed to contain any statement of fact, they are denied.

**PLAINTIFFS' FIRST CAUSE OF ACTION**
**FOR VIOLATIONS OF NEPA AND THE APA**
**(against the DOT and the FHWA)**

30. The United States hereby fully incorporates, by this reference, its previous answers to paragraphs 10 through 29 of the Complaint, inclusive, as though fully set forth herein.

31. The allegations of paragraph 31 are a characterization of the National Environmental Policy Act to which no response is required. To the extent any of the allegations are deemed to contain any statement of fact, they are denied.

32. Federal Defendants admit the factual allegations set forth in the first sentence of paragraph 32. The remaining allegations of paragraph 32 are conclusions of law and require no response. To the extent any of the remaining allegations are deemed to contain any statement of fact, they are denied.

33. The allegations of paragraph 33 are conclusions of law and require no response. To the extent any of the allegations are deemed to contain any statement of fact, they are denied.

34. The allegations of paragraph 34 contain characterizations of the National Environmental Policy Act and the Council on Environmental Quality's implementing regulations, to which no response is required. To the extent any of the allegations are deemed to contain any statement of fact, they are denied.

35. Federal Defendants admit they have not issued a Supplemental Environmental Impact Statement for the project. Any remaining allegations of paragraph 35 are conclusions of law to which no response is required. To the extent any of the remaining allegations are deemed to contain any statement of fact, they are denied.

36. The allegations of paragraph 36 are conclusions of law and require no response. To the extent any of the allegations are deemed to contain any statement of fact, they are denied.

//

//

1    37.  The factual allegations of paragraph 37 are denied.  Any remaining allegations are conclusions of law and require no response.   To the extent any of the remaining allegations are deemed to contain any statement of fact, they are denied.

**PLAINTIFFS' SECOND CAUSE OF ACTION
FOR VIOLATIONS OF CEQA
(against Caltrans)**

38.  The United States hereby fully incorporates, by this reference, its previous answers to paragraphs 30 through 37 of the Complaint, inclusive, as though fully set forth herein.

39.  Paragraph 39 contains factual allegations and conclusions of law pertaining solely to the California Department of Transportation, and as such require no response by Federal Defendants.  To the extent any of the factual allegations of paragraph 39 may be construed to pertain to Federal Defendants and require a response, they are denied.

40.  Paragraph 40 contains factual allegations and conclusions of law pertaining solely to the California Department of Transportation, and as such require no response by Federal Defendants.  To the extent any of the factual allegations of paragraph 40 may be construed to pertain to Federal Defendants and require a response, they are denied.

**PLAINTIFFS' THIRD CAUSE OF ACTION
FOR VIOLATIONS OF THE PRA
(against Caltrans)**

41.  The United States hereby fully incorporates, by this reference, its previous answers to paragraphs 37 through 40 of the Complaint, inclusive, as though fully set forth herein.

42.  Paragraph 42 contains factual allegations and conclusions of law pertaining solely to the California Department of Transportation, and as such require no response by Federal Defendants.  To the extent any of the factual allegations of paragraph 42 may be construed to pertain to Federal Defendants and require a response, they are denied.

**PRAYER FOR RELIEF**

The remainder of Plaintiffs' complaint consists of Plaintiffs' request for relief to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

**GENERAL DENIAL**

Unless specifically admitted herein, Defendants deny each and every allegation in Plaintiffs' Complaint.

**AFFIRMATIVE DEFENSES**

The United States alleges as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks jurisdiction over the plaintiffs' claims.

3. The purported claims in the Complaint, and each of them, are barred by the doctrine of sovereign immunity.

4. The Plaintiffs failed to exhaust administrative remedies before filing their Complaint.

The United States respectfully reserves the right to modify, revise, or supplement this Answer to the Complaint, and to plead such further defenses and counter-claims as may become necessary as this case develops, if any.

WHEREFORE, the United States respectfully requests that the Court:

1. Deny the plaintiffs' claims for relief and any relief, whatsoever;

2. Enter judgment in favor of the United States as to each and every claim asserted by the plaintiffs;

3. Award the United States its costs of suit and such other relief as the Court may deem just and proper.

DATED: November 14, 2007					Respectfully submitted,

							SCOTT N. SCHOOLS
							United States Attorney


							/s/
							_____
							CHARLES M. O'CONNOR
							Assistant United States Attorney

							Attorneys for the United States

OF COUNSEL:

1  Brett Gainer, Counsel
2  Federal Highway Administration
   U.S. Department of Transportation
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ANSWER OF THE UNITED STATES**
*ROHNERT PARK CITIZENS v. CALIF DEPT OF TRANS.* **C 07-04607 THE**          Page -8-