1  Rose M. Zoia ♦ sbn 134759
2  Law Office of Rose M. Zoia
3  50 Old Courthouse Square, Suite 401
   Santa Rosa CA 95404
4  ph 707.526.5894
5  fax 707.526.5895
   Attorneys for Plaintiff
6
7
8           **UNITED STATES DISTRICT COURT FOR**
9           **THE NORTHERN DISTRICT OF CALIFORNIA**
10
11
12
13 ROHNERT PARK CITIZENS TO            CASE NUMBER C 007-4607 TEH
   ENFORCE CEQA, and DOES 1 through 5,
14 inclusive,
              Plaintiff,
15 v.                                  **JOINT CASE MANAGEMENT**
                                       **STATEMENT BETWEEN PLAINTIFF**
16 CALIFORNIA DEPARTMENT OF            **AND FEDERAL DEFENDANTS**
17 TRANSPORTATION, UNITED STATES       **UNITED STATES DEPARTMENT OF**
   DEPARTMENT OF TRANSPORTATION,       **TRANSPORTATION AND FEDERAL**
18 FEDERAL HIGHWAY ADMINISTRATION,     **HIGHWAY ADMINISTRATION**
   and DOES 6 through 10, inclusive,
19
20          Defendants.                Date: December 10, 2007
   _____/    Time: 1:30 p.m.
21                                     Ctrm: 12, 19th Fl, SF
22
23
24
25
26
27
28

Plaintiff and Defendants United States Department of Transportation and Federal Highway Administration ("Federal Defendant") submit this joint Case Managment Statement pursuant to the Order Setting Intitial Case Management Confrence and ADR Deadlines, and the Standing Order re Contents of Joint Case Management Statement.

**1. Jurisdiction and Service:** Plaintiff contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1361.  This Court has pendent jurisdiction over the state California Environmental Quality Act (CEQA) and Public Records Act (PRA) claims joined with the federal NEPA claim.  Venue is appropriate in the Northern District of California under 28 U.S.C. § 1391(e).

The Federal Defendant states that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, but does not agree that it has jurisdiction under 28 U.S.C. § 1361. Further, the Office of the U.S. Attorney, Northern District of California and Federal Defendant have been served with process.

Plaintiff states that it obtained and filed an executed waiver of service from Defendant California Department of Transportation (Caltrans). The due date for Caltrans' response to the complaint is January 13, 2008.

**2. Facts:**   Federal Defendant and the California Department of Transportation (CalTrans) proposed building the Wilfred Avenue Interchange Project in Rohnert Park, Sonoma County, California (the Project).  The Project proposes to modify the interchange to connect Wilfred Avenue to Golf Corse Drive by an under-crossing and to widen and realign U.S. Route 101 for HOV lanes

from Rohnert Park Expressway Overcrossing to the Santa Rosa Avenue Over-crossing.

Federal Defendant and Caltrans prepared and released a joint Negative Declaration/Initial Study (CEQA) Environmental Assessment, followed by a Finding of No Significant Impact ("FONSI").

Plaintiff contends that the environmental documents do not discuss the environmental impacts of a casino proposed in the vicinity of the Project.

Also, Plaintiff further contends that Caltrans failed to produce all non-privileged documents in response to plaintiff's California Public Records Act (PRA) request.

**3. Legal Issues:**

Plaintiff contends that the legal issues are (1) whether an Environmental Impact Statement ("EIS") is required for the Project pursuant to the National Environmental Policy Act ("NEPA"), (2) whether recirculation of the negative declaration is required pursuant to section 15088.5 of the CEQA Guidelines (14 Cal. Code Regs.); and/or (3) whether subsequent or supplemental environmental review is required pursuant to section 15162 or section 15163 of the Guidelines; and (4) whether Caltrans violated the PRA by law by improperly and without justification withholding certain non-exempt and non-privileged public records from plaintiff and plaintiff's members and representatives.

The Federal Defendant contends that the legal issue is whether the preparation of an Environmental Impact Statement ("EIS") is required for the

Project, pursuant to the National Environmental Policy Act ("NEPA").

**4. Motions:** Plaintiff does not anticipate making any motions in this case other than, perhaps, a motion for summary judgment or, alternatively, an opening brief on the merits.  Plaintiff's counsel has been informed that Caltrans anticipates bringing a Rule 12 motion.

The Federal Defendant states that the parties should stipulate to a proposed schedule for briefing and hearing of cross-motions for summary judgment and ask the Court to enter an order adopting that schedule.

**5. Amendment of Pleadings:** Plaintiff does not anticipate amending the complaint.

**6. Evidence Preservation:** Plaintiff contends that this is a mandamus case tried on the administrative record.    Plaintiff elected to prepare the record under CEQA relative to the state law claim and can begin to do so with the documents received pursuant to its PRA request.  Such record preparation should be coordinated with Federal Defendant so that duplication does not occur.

Federal Defendant states that all known documents related to the administrative record have been preserved and will be made available when the administrative record is prepared and produced. (Moved, only.)

**7. Disclosures:**  This is an action for review of an administrative record and exempt from the rule for initial disclosures, pursuant to Rule 26(a)(1)(E), Fed.R.Civ.P.

---

**JOINT CASE MANAGEMENT STATEMENT**
*Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607                                   4

**8. Discovery:** Discovery is neither necessary nor appropriate in this action for review of an administrative record.

**9. Class Actions:** This case is not a class action.

**10. Related Cases:** None.

**11. Relief:** Plaintiff requests (1) a Peremptory Writ of Mandate ordering defendants to set aside their respective actions and any approvals in furtherance of the project and to comply with NEPA, the APA, CEQA, the PRA, and other applicable laws prior to further consideration the project; (2) declaratory relief against the DOT and the FHWA establishing that the FHWA must recirculate or prepare an EIS or a supplement to the FONSI pursuant to NEPA and the APA; (3) upon necessity and the filing of a request, that Court issue a temporary stay of the administrative approvals and/or a temporary restraining order and preliminary injunction; (4) a permanent injunction enjoining defendants from engaging in any activity connected with the approvals or the project unless and until this Court finds that the approvals are in full compliance with NEPA, the APA, CEQA, the PRA, and all other applicable laws; and (5) costs of suit and attorney's fees herein pursuant to section 1021.5 of the California Code of Civil Procedure and/or the Equal Access to Justice Act, 28 U.S.C. §§ 2412(b), (d), and/or section 6259(d) of the California Government Code or pursuant to any other applicable law.

Federal Defendant requests a judgment of dismissal and an award of costs.

**JOINT CASE MANAGEMENT STATEMENT**
*Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607                              5

**12. Settlement and ADR:** The state defendant and plaintiff are required to hold a settlement meeting under CEQA within 45 days of service of the complaint, i.e., December 29, 2007.  Plaintiff proposes that Federal Defendant participate in that meeting.  Federal Defendant does not know if settlement is possible but is not opposed to preliminary, exploratory settlement or ADR discussions.

**13. Consent to Magistrate Judge For All Purposes:**  Plaintiff consents to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

 The United States respectfully declines to consent to magistrate judge for further proceedings.

**14. Other References:** This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:** The issues are not amenable to being narrowed by agreement or by motion.  The evidence will be presented in the form of the administrative record contained in volumes, indexed, and paginated.

**16. Expedited Schedule:** Plaintiff contends that this case can be handled on an expedited basis with streamlined procedures.  Plaintiff proposes the following schedule:

```
1/16     exchange of indices of proposed record documents
1/23     copy of proposed record documents to Caltrans
1/30     exchange of comments on proposed record
2/6      agencies' certification and lodgment of record
3/5      opening brief
4/2      opposition briefs
4/23     reply briefs
```

**JOINT CASE MANAGEMENT STATEMENT**
*Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607                                                    6

Federal Defendant suggests that the parties enter into a stipulation and ask the Court to sign an order which sets a schedule for briefing and hearing of cross-motions for summary judgment, as follows:

- Date for Plaintiff's motion for summary judgment

- Date for Federal Defendant's memorandum in opposition to Plaintiff's motion for summary judgment and Federal Defendant's motion for summary judgment.

- Date for Plaintiff's reply memorandum in support of its summary judgement motion and  memorandum in opposition to Federal Defendant's motion for summary judgment.

- Date for Federal Defendant's reply memorandum in support of its motion.

- Date for Court's hearing on cross-motions for summary judgment.

**17. Scheduling:** See item 16.  Federal Defendant state that its proposed schedule for briefing cross motions for summary judgment should not commence until after its Administrative Record and the Administrative Record under CEQA have been prepared and made available to all parties.  Federal Defendant estimates that its own Administrative Record will be completed and available not later than February 15, 2008.

**18. Trial:** Trial is inappropriate and unnecessary in this record review case. The case should be handled on the briefs or motions for summary judgment based upon an agreed-upon schedule by the parties and the Court. Plaintiff states that the hearing before the Court, whether on briefs or summary judgment, is expected to last 2 hours or less.

**JOINT CASE MANAGEMENT STATEMENT**
*Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607                               7

**19. Disclosure of Non-party Interested Entities or Persons:** The parties have not filed the "Certification of Interested Entities or Persons." Plaintiff here certifies that it knows of no persons, firms, partnerships, corporations (including parent corporations) or other entities to have either: (I) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Federal Defendant knows no such entities or persons.

**20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.** Plaintiff refers the Court to item 16 above.

Federal Defendant knows of no such matters.

Dated: December 4, 2007            Law Office of Rose M. Zoia

_____/s/_____
Rose M. Zoia, counsel for Plaintiff Rohnert Park Citizens to Enforce CEQA


SCOTT N. SCHOOLS
United States Attorney


_____/s/_____
CHARLES M. O'CONNOR
Assistant U.S. Attorney
Counsel for Defendants United States Department of Transportation and Federal Highway Administration

---

**JOINT CASE MANAGEMENT STATEMENT**
*Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607                    8