BRUCE A. BEHRENS, Chief Counsel
DAVID GOSSAGE, Deputy Chief Counsel
LUCILLE Y. BACA, Assistant Chief Counsel
JANET WONG, Bar No.124272
LOIS H. YOSHIDA, Bar No. 162000
California Department of Transportation
595 Market Street, Suite 1700, San Francisco, CA 94105
Mail: P.O. Box 7444, San Francisco, CA 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333

Attorneys for DEFENDANT THE STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHNERT PARK CITIZENS TO ENFORCE CEQA, and DOES 1 through 5, inclusive<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION; UNITED STATES DEPARTMENT OF TRANSPORTATION; FEDERAL HIGHWAY ADMINISTRATION; and, DOES 6 through 10, inclusive,<br><br>Defendants. | No. C 07 4607 TEH<br><br>DEFENDANT'S, CALIFORNIA DEPARTMENT OF TRANSPORTATION, NOTICE OF MOTION AND MOTION TO DISMISS [FRCP RULE 12(b)(1)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Hearing Date: June 2, 2008<br>Hearing Time: 10:00 A.M.<br>Judge: Hon. Thelton E. Henderson |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 2, 2008, at 10:00 A.M., or as soon thereafter as the matter may be heard, in Courtroom 12 of the above-entitled Court, 450 Golden Gate Avenue, 19th Floor in San Francisco, California, Defendant California Department of Transportation ("the State") will move the court to dismiss the case against it pursuant to Federal Rules of Civil Procedure Rule 12(b)(1).

Plaintiff's complaint against the State improperly seeks to have this Court exercise jurisdiction over the State of California ("State") as to alleged violations of state law. Specifically, Plaintiff alleges that the State failed to comply with the California Environmental Quality Act (Cal.

1  Pub. Res. Code §§ 21000 *et seq.*) and the California Public Records Act (Cal. Gov. Code §§ 6250
2  *et seq.*). Under the Eleventh Amendment, Plaintiff is barred from asserting and adjudicating such
3  claims against the State in federal court. Plaintiff's complaint against the State should therefore be
4  dismissed.
5     This motion is based upon this Notice of Motion and Motion, the supporting points and
6  authorities filed herewith, and the complete files and records in this case and upon such evidence
7  and oral argument as may be presented at the hearing on this motion. The State has met and
8  conferred with Plaintiff regarding this motion to dismiss prior to its filing (see Declaration of Janet
9  Wong in Support of Motion, filed herewith).
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
595 Market Street, Suite 1700, San Francisco, California 94105
Mail: P.O. Box 7444, San Francisco, California 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333

# MEMORANDUM OF POINTS AND AUTHORITIES

## RELIEF SOUGHT

Defendant State of California ("State") seeks dismissal of Plaintiff's case against the State pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure based on the Eleventh Amendment, which deprives the federal courts of jurisdiction to adjudicate claims against a sovereign state for alleged violations of state law. Because the prohibition against such suits under the Eleventh Amendment has been viewed as both a jurisdictional limitation and an immunity for states, see, Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc., 810 F.2d 869, 873 n.2 (9th Cir. 1987) (describing the Eleventh Amendment as having aspects of both a jurisdictional limitation and an immunity), the motion is alternatively brought under Rule 12(b)(6) for failing to state a claim upon which relief can be granted. Under either Rule, dismissal is appropriate as the Eleventh Amendment bars adjudication of state law claims against a state in federal court.

## STATEMENT OF ISSUE

Does the Eleventh Amendment prohibit federal courts from adjudicating Plaintiff's state law claims brought against the State of California, a non-consenting defendant, in this action?

## INTRODUCTION

This action arises from a highway project to widen and construct other associated safety and traffic improvements on Route 101 in the City of Rohnert Park in Sonoma County. Plaintiff is an association of citizens opposed to the project who have brought this suit against the State of California and co-defendants, the Federal Highway Administration ("FHWA") and the United States Department of Transportation ("USDOT"). In its complaint, Plaintiff challenges the project approval and environmental determinations made by the State and the federal defendants under various state and federal laws respectively.

Plaintiff's claims against the State are solely based on alleged violations of State law. In particular, Plaintiff alleges causes of action against the State for noncompliance with the California Environmental Quality Act ("CEQA") (Compl. § VI, ¶¶ 38-40, pp. 12-13.) and for noncompliance

1  with the California Public Records Act (Compl. § VII, ¶¶ 41-42, p. 13.). Plaintiff's complaint
2  alleges federal court jurisdiction as to these state law claims based on supplemental jurisdiction.
3  (Compl. § II, ¶ 2, p. 4)
4        As discussed below, it is firmly established that the Eleventh Amendment bars federal
5  courts from adjudicating claims of alleged state law violations against a state. It is equally well
6  established that the protection afforded states by the Eleventh Amendment is fundamental to
7  sovereign immunity and overrides claims of supplemental jurisdiction. Plaintiff's action against
8  the State should therefore be dismissed.

## ARGUMENT

### A. FEDERAL COURTS HAVE NO JURISDICTION OVER CLAIMS AGAINST THE STATE THAT ARE BASED ON VIOLATIONS OF STATE LAW.

Plaintiff's causes of action against the State are based solely on violations of state law. Under the Eleventh Amendment federal courts do not have jurisdiction to adjudicate state law claims against a non-consenting state. Thus, the case against the State should be dismissed.

The Eleventh Amendment prohibits suits against a state or one of its agencies or departments without consent. Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); see also, NRDC v. California DOT, 96 F.3d 420, 421-22 (9th Cir. 1996) (claims against the Department of Transportation are barred by the Eleventh Amendment). Furthermore, when claims against a non-consenting state arise under state law, the Eleventh Amendment prohibits federal courts from exercising jurisdiction over those claims. Pennhurst, 465 U.S. at 121.

The immunity from suit provided to states by the Eleventh Amendment is a fundamental aspect of state sovereignty and historically precedes even the ratification of the Constitution. Alden v. Maine, 527 U.S. 706, 713 (1999). As observed by the Court in Penhurst:

> "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." Id. at 106.

See also, Raygor v. Regents of Univ. of Minnesota, 534 U.S. 333 (2002) (holding that federal

courts may not adjudicate state law claims).

The Eleventh Amendment itself provides:

> "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend., XI.

The Eleventh Amendment has consistently been interpreted to bar suits against a state by its own citizens. Pennhurst, *supra*, 465 U.S. at 100 ("an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state", *quoting* Employees v. Missouri Public Health & Welfare Dep't., 411 U.S. 279, 280 (1973)). In this case, the State has not consented to such a suit nor has Plaintiff alleged or claimed otherwise. Furthermore, as discussed in the following section, claims of supplemental jurisdiction cannot override the protection from suit in federal court provided to states by the Eleventh Amendment. Id. at 121.

In this case, the Plaintiff improperly seeks to adjudicate state law claims against the State in federal court. Under long-established law, federal courts are barred from adjudicating exactly these types of claims. Both of Plaintiff's causes of action against the State are state law claims that federal courts may not adjudicate. As such, Plaintiff's action against the State should be dismissed.

**B. SUPPLEMENTAL JURISDICTION DOES NOT OVERRIDE THE ELEVENTH AMENDMENT.**

In its complaint, Plaintiff incorrectly alleges that supplemental jurisdiction gives this court jurisdiction to adjudicate state law claims against the State. Statutorily, while supplemental jurisdiction may provide federal courts jurisdiction in specified circumstances, see, 28 U.S.C. § 1367, its use here is inappropriate. The Supreme Court has expressly held that where the action is barred by the Eleventh Amendment, as it is here, supplemental jurisdiction does not apply. Pennhurst, *supra*, 465 U.S. at 121.

In Pennhurst, disabled persons challenged the conditions of their confinement under various federal laws and a Pennsylvania state law. The Supreme Court dismissed the state law

claims holding that federal courts must assess each claim individually and determine whether the Eleventh Amendment provides a bar, regardless of the applicability of supplemental jurisdiction. Pennhurst, 465 U.S. at 121. Accordingly, the Supreme Court explicitly held that "neither pendant jurisdiction, nor any other basis of jurisdiction may override the Eleventh Amendment." 465 U.S. at 121; see also, Raygor, *supra*, 534 U.S. at 542.

The Ninth Circuit is in accord and has also specifically held that that the federal statute governing supplemental jurisdiction does not abrogate a state's constitutional immunity from suit in federal court for state law claims. Stanley v. Trs. of Cal. State Univ., 433 F.3d 1129, 1133-34 (9th Cir. 2006) (holding "28 U.S.C. §1367 does not abrogate state sovereign immunity for supplemental state law claims."); Cholla Ready Mix, Inc., v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (holding that the plaintiff's "state law claims are barred by the Eleventh Amendment, which precludes the adjudication of pendant state law claims against non-consenting state defendants in federal courts.")

Plaintiff's attempt in this case to invoke supplemental jurisdiction as a basis for federal court jurisdiction over its state law claims against the State is therefore legally ineffective. Under directly governing law, where a plaintiff's state law claims against a state are barred by the Eleventh Amendment, supplemental jurisdiction does not provide a basis for federal court jurisdiction.

## CONCLUSION

For the foregoing reasons, the Defendant State of California requests this court dismiss Plaintiff's action against the State.

DATED: March 31, 2008

BRUCE A. BEHRENS
DAVID GOSSAGE
LUCILLE Y. BACA
JANET WONG
LOIS YOSHIDA

By: _____
JANET WONG
Attorneys for STATE OF CALIFORNIA

Case Name:    Rohnert Park Citizens, et al. v. Department of Transportation, et al.,
Case No.:     Northern District Court No. C 07 4607 TEH

## PROOF OF SERVICE

I, the undersigned, say: I am, and was at all times herein mentioned, employed in the City and County of San Francisco, over the age of 18 years and not a party to the within action or proceedings; that my business address is 595 Market Street, Suite 1700, P.O. Box 7444, San Francisco, California 94120-7444; that on the date set forth below, I served the within

**DEFENDANT'S, CALIFORNIA DEPARTMENT OF TRANSPORTATION, NOTICE OF MOTION AND MOTION TO DISMISS [FRCP RULE 12(b)(1)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on all parties in said action by:

___ (MAIL) by placing a true copy thereof enclosed in a sealed envelope for each person(s) named below, addressed as set forth immediately below the respective name(s), with postage thereon fully prepaid as first-class mail. I deposited the same in a mailing facility regularly maintained by the United States Post Office for the mailing of letter(s) at my above-stated place of business.

_x_ (PERSONAL SERVICE) by placing a true copy thereof enclosed in a sealed envelope, for each person(s) named below, and caused such envelope to be delivered by hand to the address(es) as set forth immediately below the respective name(s) pursuant to this Proof of Service.

___ (FACSIMILE TRANSMITTAL) by faxing a true copy thereof as indicating by the address(es), and facsimile telephone number(s) for each person(s) named below as set forth immediately below the respective name(s) pursuant to this Proof of Service.

Rose M. Zoia
50 Old Courthouse Square, Suite 600
Santa Rosa, CA 95404
Telephone # (707) 526-5894

Charles M. O'Connor
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 31, 2008, at San Francisco, California.

JANET WONG, Declarant

1
PROOF OF SERVICE

BRUCE A. BEHRENS, Chief Counsel
DAVID GOSSAGE, Deputy Chief Counsel
LUCILLE Y. BACA, Assistant Chief Counsel
JANET WONG, Bar No.124272
LOIS H. YOSHIDA, Bar No. 162000
JAMES M. WYMAN, Bar No. 251674
California Department of Transportation
595 Market Street, Suite 1700, San Francisco, CA 94105
Mail: P.O. Box 7444, San Francisco, CA 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333

Attorneys for DEFENDANT THE STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHNERT PARK CITIZENS TO ENFORCE CEQA, and DOES 1 through 5, inclusive<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION; UNITED STATES DEPARTMENT OF TRANSPORTATION; FEDERAL HIGHWAY ADMINISTRATION; and, DOES 6 through 10, inclusive,<br><br>Defendants. | No. C 07 4607 TEH<br><br>DECLARATION OF JANET WONG IN SUPPORT OF DEFENDANT'S, CALIFORNIA DEPARTMENT OF TRANSPORTATION, MOTION TO DISMISS [FRCP RULE 12(b)(1)]<br><br>Hearing Date: June 2, 2008<br>Hearing Time: 10:00 A.M.<br>Judge: Hon. Thelton E. Henderson |

I, Janet Wong, declare as follows:

1. I am attorney duly admitted to practice before the United States District Court, Northern District of California and all the courts of the State of California. I am employed as an attorney by the California Department of Transportation, Legal Division.

2. I have personal knowledge of the facts stated herein, except for those stated on information and belief which I believe to be true. If called and sworn as a witness, I could and would testify competently to the following.

3. This declaration is made in support of the Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Motion"), filed by the California Department of Transportation ("State").

1

Case No. C074607TEH; DECLARATION OF JANET WONG IN SUPPORT OF DEFENDANT'S, CALIFORNIA DEPARTMENT OF TRANSPORTATION, MOTION TO DISMISS [FRCP RULE 12(b)(1)]

4. Throughout this action I have been in regular communication with Plaintiff's counsel. From the beginning, I indicated that the actions involving state law causes of actions against a state are barred in the federal courts by the Eleventh Amendment. Based on the Eleventh Amendment, I indicated that the State would file a Motion to Dismiss if it were not voluntarily dismissed from this action. At present, the State has not been dismissed from this action.

5. The State's Motion raises the same issues that have been explained in regular communications with Plaintiff's counsel: that federal courts are barred from adjudicating state law claims brought against the State.

I declare under penalty of perjury that the foregoing is true and correct. Executed in San Francisco, California.

DATED: 3-31-08

By: _____
JANET WONG

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
595 Market Street, Suite 1700, San Francisco, California 94105
Mail: P.O. Box 7444, San Francisco, California 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333

Case Name: Rohnert Park Citizens, et al. v. Department of Transportation, et al.,
Case No.: Northern District Court No. C 07 4607 TEH

## PROOF OF SERVICE

I, the undersigned, say: I am, and was at all times herein mentioned, employed in the City and County of San Francisco, over the age of 18 years and not a party to the within action or proceedings; that my business address is 595 Market Street, Suite 1700, P.O. Box 7444, San Francisco, California 94120-7444; that on the date set forth below, I served the within

**DECLARATION OF JANET WONG IN SUPPORT OF DEFENDANT'S, CALIFORNIA DEPARTMENT OF TRANSPORTATION, MOTION TO DISMISS [FRCP RULE 12(b)(1)**

on all parties in said action by:

___ (MAIL) by placing a true copy thereof enclosed in a sealed envelope for each person(s) named below, addressed as set forth immediately below the respective name(s), with postage thereon fully prepaid as first-class mail. I deposited the same in a mailing facility regularly maintained by the United States Post Office for the mailing of letter(s) at my above-stated place of business.

_x_ (PERSONAL SERVICE) by placing a true copy thereof enclosed in a sealed envelope, for each person(s) named below, and caused such envelope to be delivered by hand to the address(es) as set forth immediately below the respective name(s) pursuant to this Proof of Service.

___ (FACSIMILE TRANSMITTAL) by faxing a true copy thereof as indicating by the address(es), and facsimile telephone number(s) for each person(s) named below as set forth immediately below the respective name(s) pursuant to this Proof of Service.

Rose M. Zoia
50 Old Courthouse Square, Suite 600
Santa Rosa, CA 95404
Telephone # (707) 526-5894

Charles M. O'Connor
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 31, 2008, at San Francisco, California.

_____
JANET WONG, Declarant

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
595 Market Street, Suite 1700, San Francisco, California 94105
Mail: P.O. Box 7444, San Francisco, California 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHNERT PARK CITIZENS TO ENFORCE CEQA, and DOES 1 through 5, inclusive<br><br>    Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION; UNITED STATES DEPARTMENT OF TRANSPORTATION; FEDERAL HIGHWAY ADMINISTRATION; and, DOES 6 through 10, inclusive,<br><br>    Defendants. | No. C 07 4607 TEH<br><br>[PROPOSED] ORDER GRANTING DEFENDANT'S, CALIFORNIA DEPARTMENT OF TRANSPORTATION, MOTION TO DISMISS [FRCP RULE 12(b)(1)]<br><br>Hearing Date: June 2, 2009<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. Thelton Henderson |

The motion by Defendant California Department of Transportation to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) came on for hearing before this Court. After consideration of briefs and arguments of counsel, and all other matters present to the court, IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED.

## INTRODUCTION

This action arises from a highway project to widen and construct other associated safety and traffic improvements on Route 101 in the City of Rohnert Park in Sonoma County. Plaintiff, an association of citizens opposed to the project, challenges the project approval and environmental determinations. In this action alleging violations of both state and federal laws, Plaintiff asserts three causes of action. Plaintiff's cause of action against the federal co-

1

Case No. C074607TEH; [PROPOSED] ORDER GRANTING DEFENDANT'S, CALIFORNIA DEPARTMENT OF TRANSPORTATION, MOTION TO DISMISS [FRCP RULE 12(b)(1)]

1  Defendants, the Federal Highway Administration ("FHWA") and the United States Department of
2  Transportation ("USDOT"), alleges violations of the National Environmental Policy Act and the
3  Administrative Procedure Act. This cause of action is not at issue in this motion. Plaintiff's
4  causes of action against the State allege noncompliance with the California Environmental Quality
5  Act and the California Public Record Act. Plaintiff's complaint alleges federal court jurisdiction
6  as to the state law claims based on supplemental jurisdiction.
7        The State moved to dismiss the case against it for noncompliance with the California
8  Environmental Quality Act and the California Public Record Act because the State is immune
9  from suit under the Eleventh Amendment, thus barring this court from jurisdiction over the state
10 law claims.

## LEGAL STANDARD

13       When ruling on a Rule 12(b)(1) motion, the standard the court applies depends on the
14 nature of the jurisdictional challenge. A motion may attack the sufficiency of the jurisdictional
15 allegations in the complaint (a "facial attack") or attack the existence of jurisdiction in fact (a
16 "factual attack"). This motion is the latter. Accordingly, "no presumptive truthfulness attaches to
17 plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court
18 from evaluating for itself the merits of jurisdictional claims." Thornill Publishing Co. v. General
19 Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979)(quoting Mortensen v. First Fed. Sav. &
20 Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

## ANALYSIS

23       It is well settled law that the Eleventh Amendment prohibits suits against nonconsenting
24 states by its own citizens in federal court. U.S. Const., Amend XI; Pennhurst State School and
25 Hospital v. Halderman, 465 U.S. 89, 100 (1984). Furthermore, when claims arise from state law,
26 the Eleventh Amendment prohibits federal courts from exercising jurisdiction. Id. at 121. The
27 California Department of Transportation is an arm of the State and is entitled to protection under
28 the Eleventh Amendment. NRDC v. California DOT, 96 F.3d 420, 421-22 (9th Cir. 1996). Here,

Plaintiff has alleged violations of state law against the State. As a result this court is barred by the Eleventh Amendment from exercising jurisdiction.

Additionally, this court may not exercise jurisdiction under the supplemental jurisdiction statute, 28 U.S.C. § 1367. Supplemental jurisdiction does not override the Eleventh Amendment. Pennhurst, 456 U.S. at 121. Although Plaintiff alleges this court can exercise jurisdiction based on supplemental jurisdiction, that allegation is incorrect. Supplemental jurisdiction must give way to the Eleventh Amendment, and thus this court may not exercise jurisdiction.

## CONCLUSION

Based on the foregoing, the Court dismisses Plaintiff's causes of action against the State for allegations of noncompliance with the California Environmental Quality Act and the California Public Record Act and thus dismisses the State from the action.

The Court makes the following FINDINGS and ORDERS:

1. The causes of action against the California Department of Transportation are DISMISSED as the State is protected by and immune from suit under the Eleventh Amendment.

2. The causes of action against the California Department of Transportation are DISMISSED as federal courts may not exercise jurisdiction to adjudicate state law claims under the Eleventh Amendment.

3. Plaintiff's causes of action for allegations of noncompliance with the California Environmental Quality Act and the California Public Record Act are dismissed in its entirety.

4. As all causes of action against the California Department of Transportation are dismissed, the State is dismissed from this action.

IT IS SO ORDERED.

DATED: _____

THE HONORABLE THELTON E. HENDERSON
Judge
United States District Court
of the Northern District of California

| | |
|---|---|
| Case Name: | Rohnert Park Citizens, et al. v. Department of Transportation, et al., |
| Case No.: | Northern District Court No. C 07 4607 TEH |

### PROOF OF SERVICE

I, the undersigned, say: I am, and was at all times herein mentioned, employed in the City and County of San Francisco, over the age of 18 years and not a party to the within action or proceedings; that my business address is 595 Market Street, Suite 1700, P.O. Box 7444, San Francisco, California 94120-7444; that on the date set forth below, I served the within

**[PROPOSED] ORDER GRANTING DEFENDANT'S, CALIFORNIA DEPARTMENT OF TRANSPORTATION, MOTION TO DISMISS [FRCP RULE 12(b)(1)]**

on all parties in said action by:

___ (MAIL) by placing a true copy thereof enclosed in a sealed envelope for each person(s) named below, addressed as set forth immediately below the respective name(s), with postage thereon fully prepaid as first-class mail. I deposited the same in a mailing facility regularly maintained by the United States Post Office for the mailing of letter(s) at my above-stated place of business.

_x_ (PERSONAL SERVICE) by placing a true copy thereof enclosed in a sealed envelope, for each person(s) named below, and caused such envelope to be delivered by hand to the address(es) as set forth immediately below the respective name(s) pursuant to this Proof of Service.

___ (FACSIMILE TRANSMITTAL) by faxing a true copy thereof as indicating by the address(es), and facsimile telephone number(s) for each person(s) named below as set forth immediately below the respective name(s) pursuant to this Proof of Service.

Rose M. Zoia  
50 Old Courthouse Square, Suite 600  
Santa Rosa, CA 95404  
Telephone # (707) 526-5894  

Charles M. O'Connor  
Assistant United States Attorney  
450 Golden Gate Avenue, 9th Floor  
San Francisco, CA 94102  

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 31, 2008, at San Francisco, California.

_____  
JANET WONG, Declarant