1  Rose M. Zoia ♦ sbn 134759
2  Law Office of Rose M. Zoia
3  50 Old Courthouse Square, Suite 401
   Santa Rosa CA 95404
4  ph 707.526.5894
5  fax 707.526.5895
   Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHNERT PARK CITIZENS TO ENFORCE CEQA, and DOES 1 through 5, inclusive,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION, UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, and DOES 6 through 10, inclusive,<br><br>    Defendants.<br>_____/ | CASE NUMBER C 007-4607 TEH<br><br><br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br>Date: March 31, 2008<br>Time: 1:30 p.m.<br>Ctrm: 12, 19th Fl, SF |

Plaintiff Rohnert Park Citizens to Enforce CEQA, Defendant California Department of Transportation (the State) and Defendants United States Department of Transportation and Federal Highway Administration (Federal Defendants) submit this further joint Case Management Statement pursuant to the Court's Case Management Order and Order Referring Case to Mediation entered December 18, 2007.

**1. Jurisdiction and Service:** Plaintiff contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1361.  This Court has pendent jurisdiction over the state California Environmental Quality Act (CEQA) and Public Records Act (PRA) claims joined with the federal NEPA claim.  Venue is appropriate in the Northern District of California under 28 U.S.C. § 1391(e).

Federal Defendants state that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, but does not agree that it has jurisdiction under 28 U.S.C. § 1361.  Further, the Office of the U.S. Attorney, Northern District of California and Federal Defendants have been served with process.  Federal Defendants take no position on the issue of this Court's jurisdiction over the California Department of Transportation.

Plaintiff  obtained and filed an executed waiver of service from the State. The State states that it accepted a waiver of service but has not appeared in this action.

The State also does not waive any immunities or defenses for lack of jurisdiction by participation in this joint statement. The due date for the State's

response to the complaint was January 13, 2008 but was extended based upon its intent to file a Rule 12 Motion to Dismiss.  Based upon the Court's case management order, the parties agreed that the initial mediation would be completed prior to the filing of the motion to dismiss. The State contends that Plaintiff is barred from suit against the State in federal court under the 11th Amendment, and intends to file its motion to dismiss soon. The State does not agree with Plaintiff that the court has jurisdiction under any of the State causes of action for CEQA or Public Records Act. The State takes no position on the jurisdiction of the NEPA claim.

**2. Facts:**   Federal Defendants and the State proposed building the Wilfred Avenue Interchange Project in Rohnert Park, Sonoma County, California (the Project).  The Project proposes to modify the interchange to connect Wilfred Avenue to Golf Course Drive by an under-crossing and to widen and realign U.S. Route 101 for HOV lanes from Rohnert Park Expressway Overcrossing to the Santa Rosa Avenue Over-crossing.

Federal Defendants and the State prepared and released a joint Negative Declaration/Initial Study (CEQA) and Environmental Assessment/Finding of No Significant Impact (EA/FONSI), pursuant to the National Environmental Policy Act (NEPA).

Plaintiff contends that the environmental documents do not discuss the environmental impacts of a casino proposed in the vicinity of the Project.  Plaintiff further contends that the State failed to produce all non-privileged documents in

response to plaintiff's California Public Records Act (PRA) request.

**3. Legal Issues:**

Plaintiff contends that the legal issues are (1) whether an Environmental Impact Statement ("EIS") is required for the Project pursuant to NEPA, (2) whether recirculation of the negative declaration is required pursuant to section 15088.5 of the CEQA Guidelines (14 Cal. Code Regs.); and/or (3) whether subsequent or supplemental environmental review is required pursuant to section 15162 or section 15163 of the Guidelines; and (4) whether Caltrans violated the PRA by law by improperly and without justification withholding certain non-exempt and non-privileged public records from plaintiff and plaintiff's members and representatives.

Federal Defendants contend that the legal issue is whether the preparation of an Environmental Impact Statement ("EIS") is required for the Project, pursuant to the National Environmental Policy Act ("NEPA").

**4. Motions:** Plaintiff does not anticipate making any motions.

Federal Defendants state that the parties should stipulate to a proposed schedule for briefing and hearing of cross-motions for summary judgment and ask the Court to enter an order adopting that schedule.

The State intends to file a Rule 12 Motion to Dismiss for lack of jurisdiction as soon as possible with a hearing date set for May 2008.

**5. Amendment of Pleadings:** Plaintiff does not anticipate amending the complaint.

/

**JOINT CASE MANAGEMENT STATEMENT**
*Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607    4

**6. Evidence Preservation:** Plaintiff contends that this is a mandamus case tried on the administrative record. Plaintiff elected to prepare the record under CEQA relative to the state law claim and can begin to do so with the documents received pursuant to its PRA request. Such record preparation should be coordinated with Federal Defendants so that duplication does not occur.

Federal Defendants states that all known documents related to the administrative record have been preserved and will be made available when the administrative record is prepared and produced.

**7. Disclosures:** This is an action for review of an administrative record and exempt from the rule for initial disclosures, pursuant to Rule 26(a)(1)(E), Fed.R.Civ.P.

**8. Discovery:** Discovery is neither necessary nor appropriate in this action for review of an administrative record.

**9. Class Actions:** This case is not a class action.

**10. Related Cases:** None.

**11. Relief:** Plaintiff requests (1) a Peremptory Writ of Mandate ordering defendants to set aside their respective actions and any approvals in furtherance of the project and to comply with NEPA, the APA, CEQA, the PRA, and other applicable laws prior to further consideration the project; (2) declaratory relief; (3) upon necessity and the filing of a request, that Court issue a temporary stay of the administrative approvals and/or a temporary restraining order and

preliminary injunction; (4) a permanent injunction enjoining defendants from engaging in any activity connected with the approvals or the project unless and until this Court finds that the approvals are in full compliance with NEPA, the APA, CEQA, the PRA, and all other applicable laws; and (5) costs of suit and attorney's fees herein pursuant to section 1021.5 of the California Code of Civil Procedure and/or the Equal Access to Justice Act, 28 U.S.C. §§ 2412(b), (d), and/or section 6259(d) of the California Government Code or pursuant to any other applicable law.

Federal Defendants request a judgment of dismissal and an award of costs.

**12. Settlement and ADR:** The parties participated in mediation on March 11, 2008, but were unable to reach a settlement. On March 18, 2008, the assigned mediator certified that the parties held a mediation session on March 11, 2008 and noted his intention to conduct a follow-up phone discussion on April 15, 2008.

The State believes that further mediation would be productive, and the mediator is scheduled to conduct further discussions with the parties by April 15.

**13. Consent to Magistrate Judge For All Purposes:** Plaintiff consents to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

The United States respectfully declines to consent to magistrate judge for further proceedings. The State respectfully declines to consent to a magistrate judge for further proceedings.

**14. Other References:** This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:** The issues are not amenable to being narrowed by agreement or by motion.  The evidence will be presented in the form of the administrative record contained in volumes, indexed, and paginated.

**16. Expedited Schedule:** Plaintiff contends that this case can be handled on an expedited basis with streamlined procedures.  Plaintiff proposes the following schedule:

```
3/31      Federal record complete
4/18      proposed index of Caltrans record submitted to Caltrans
4/25      copy of proposed record documents to Caltrans
4/30      Caltrans' certification and lodgment of record
```
*Plaintiff suggests that the Federal and State record be combined into one record for reduction of repetitiveness and ease of use.*
```
5/21      opening brief
6/11      opposition briefs
7/2       reply briefs
```

Plaintiff's proposed schedule anticipates four briefs: one opening brief, two (or one combined) defendants' opposition brief[s]; and one reply brief responding to the two or one combined defendants' opposition brief[s].  Plaintiff does not anticipate the filing of simultaneous briefs, but a process similar to law and motion.

Federal Defendants suggest that the parties enter into a stipulation and ask the Court to sign an order which sets a schedule for briefing and hearing of cross-motions for summary judgment, as follows:

- Date for Plaintiff's motion for summary judgment

- Date for Federal Defendants' memorandum in opposition to Plaintiff's

**JOINT CASE MANAGEMENT STATEMENT**
*Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607                                                        7

motion for summary judgment and Federal Defendant's motion for summary judgment.

- Date for Plaintiff's reply memorandum in support of its summary judgement motion and memorandum in opposition to Federal Defendants' motion for summary judgment.

- Date for Federal Defendants' reply memorandum in support of its motion.

- Date for Court's hearing on cross-motions for summary judgment.

Federal Defendants recommend the foregoing briefing plan, under an agreed-upon schedule, because it serves to identify and reduce the true points of contention and promotes judicial economy by:

1) Reducing the number of total briefs from six (6) to four (4), i.e., two per side; and

2) Allowing each party to respond to the arguments made by the adversary, thereby refining and sharpening the issues the Court truly needs to resolve. This type of briefing schedule renders the briefs more helpful to the Court than one where the parties file simultaneous briefs, where the parties are completely unaware of the points being argued by their adversary, and therefore, do not address those points.

**17. Scheduling:** See item 16. Federal Defendants state that its proposed schedule for briefing cross motions for summary judgment should not commence until after its Administrative Record and the Administrative Record under CEQA have been prepared and made available to all parties. Federal Defendants estimate that the administrative record for the Environmental Assessment will be

**JOINT CASE MANAGEMENT STATEMENT**
*Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607                                                8

1 complete not later than March 31, 2008.

2    **18. Trial:** Trial is inappropriate and unnecessary in this record review case.

3
4 The case should be handled on the briefs or motions for summary judgment

5 based upon an agreed-upon schedule by the parties and the Court.

6 Plaintiff states that the hearing before the Court, whether on briefs or summary

7
   judgment, is expected to last 2 hours or less.
8
9    **19. Disclosure of Non-party Interested Entities or Persons:** The parties

10 have not filed the "Certification of Interested Entities or Persons."  Plaintiff here

11 certifies that it knows of no persons, firms, partnerships, corporations (including
12
   parent corporations) or other entities to have either: (I) a financial interest in the
13
14 subject matter in controversy or in a party to the proceeding; or (ii) any other kind

15 of interest that could be substantially affected by the outcome of the proceeding.

16    Federal Defendants know no such entities or persons.
17
   **20. Such other matters as may facilitate the just, speedy and**
18
19 **inexpensive disposition of this matter.**   Plaintiff refers the Court to item 16

20 above.  Federal Defendants know of no such matters.

21
22 Dated: April 3, 2008                    Law Office of Rose M. Zoia

23
24                        _____/s/_____
                         Rose M. Zoia, counsel for Plaintiff Rohnert
25                       Park Citizens to Enforce CEQA

26
27
28
   _____
   **JOINT CASE MANAGEMENT STATEMENT**
   *Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607                         9

SCOTT N. SCHOOLS
United States Attorney

_____/s/_____
CHARLES M. O'CONNOR
Assistant U.S. Attorney
Counsel for Defendants United States
Department of Transportation and Federal
Highway Administration

BRUCE A. BEHRENS
Chief Counsel

_____/s/_____
JANET WONG
Deputy Attorney
Counsel for Defendant California
Department of Transportation

-10-

Complaint