1   BRUCE A. BEHRENS, Chief Counsel
    DAVID GOSSAGE, Deputy Chief Counsel
2   LUCILLE Y. BACA, Assistant Chief Counsel
    JANET WONG, Bar No.124272
3   LOIS H. YOSHIDA, Bar No. 162000
    595 Market Street, Suite 1700, San Francisco, CA 94105
4   Mail: P.O. Box 7444, San Francisco, CA 94120-7444
    Telephone: (415) 904-5700, Facsimile: (415) 904-2333
5
6   Attorneys for Defendant STATE OF CALIFORNIA,
    DEPARTMENT OF TRANSPORTATION
7
8                   THE UNITED STATES DISTRICT COURT
9               FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                      SAN FRANCISCO DIVISION
11
12  ROHNERT PARK CITIZENS TO ENFORCE          Civil No.  C 07 4607 TEH
    CEQA, and DOES 1 through 5, inclusive
13                                            **DECLARATION OF JANET WONG
                      Plaintiffs,             IN SUPPORT OF DEFENDANT
14                                            STATE OF CALIFORNIA
    v.                                        DEPARTMENT OF
15                                            TRANSPORTATION'S REPLY IN
    CALIFORNIA DEPARTMENT OF                  SUPPORT OF MOTION TO DISMISS
16  TRANSPORTATION; UNITED STATES             [FRCP RULE 12(b)(1)]**
    DEPARTMENT OF TRANSPORTATION;
17  FEDERAL HIGHWAY ADMINISTRATION;           **Hearing Date:**  June 2, 2008
    and, DOES 6 through 10, inclusive,        **Hearing Time:**  10:00 A.M.
18                                            **Judge:**  Hon. Thelton E. Henderson
                      Defendants.
19
20
21      I, JANET WONG, declare as follows:
22          1.      I am an attorney duly admitted to practice before the United States District Court,
23  Northern District of California and before the courts of the State of California.  I am employed as
24  an attorney by the California Department of Transportation, Legal Division, counsel of record for
25  Defendant STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION'S ("State") on
26  whose behalf I make this declaration.  If called as a witness, I would and could competently testify
27  to the following facts, all of which are within my personal knowledge, except as to those matters
28  based upon information and belief, and on that basis allege them to true and accurate.

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
595 Market Street, Suite 1700, San Francisco, California 94105
Mail: P.O. Box 7444, San Francisco, California 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333

1     2.    This declaration is made in support of the State's Reply in support of its Motion to

2   Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

3     3.    On October 22, 2007, I sent a letter to Ms. Rose Zoia, counsel of record for

4   Plaintiff. My letter advised that as of October 22, the State of California Department of

5   Transportation ("Department") had not been served with summons and complaint. My letter

6   enclosed a copy of the State of California, Department of Justice's September 12, 2007 letter to

7   Ms. Zoia, which enclosed Plaintiff's summons and complaint and explained that the Department of

8   Justice was not authorized to accept service on behalf of the Department. After stating that service

9   of all legal documents on the Department should be done through my San Francisco legal offices,

10  my letter advised Ms. Zoia of the Department's intent to file a motion to dismiss under Federal

11  Rule of Civil Procedure 12(b)(1) on sovereign immunity grounds. A true and correct copy of my

12  October 22, 2007 letter to Ms. Zoia is attached to this declaration as Exhibit "A."

13    4.    I subsequently received Mr. Zoia's letter of November 7, 2007. Ms. Zoia advised

14  of her willingness to personally serve my San Francisco legal offices and provided Plaintiff's

15  preliminary analysis of the Department's anticipated Rule 12(b)(1) motion to dismiss. A true and

16  correct copy of Ms. Zoia's November 7, 2007 is attached to this declaration as Exhibit "B."

17    5.    In consideration of the Department's agreement to execute a Waiver of Service of

18  Summons, Plaintiff agreed that the Department's initial responsive pleading would be due 60 days

19  from the date of execution. A true and correct copy of Ms. Zoia's November 14, 2007 letter

20  reflecting Plaintiff's agreement to the 60 days and the executed Waiver of Service of Summons are

21  attached to this declaration as Exhibit "C."

22    6.    As a result of this Court's December 18, 2007 Case Management Order, the parties

23  subsequently met and conferred. The State agreed to defer the filing of its Rule 12(b)(1) motion to

24  dismiss on sovereign immunity grounds until after the mediation had been completed and Plaintiff

25  agreed not to take the default of the State in the interim. The State also advised that it would file

26  its motion and set a hearing after the mediation sessions had concluded. A true and correct copy of

27  the Court's December 18, 2007 Order and my January 4, 2008 letter confirming the State and

28  Plaintiff's agreement are attached to this declaration as Exhibit "D."

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
595 Market Street, Suite 1700, San Francisco, California 94105
Mail: P.O. Box 7444, San Francisco, California 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333

Declaration of Janet Wong in Support of Defendant State's Reply in Support of Motion To Dismiss [FRCP 12(b)(1)]

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
595 Market Street, Suite 1700, San Francisco, California 94105
Mail: P.O. Box 7444, San Francisco, California 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333

7.      Counsel met and conferred and agreed to delay the motion as shown in the attached emails.  A true and correct copy of those emails is attached to this declaration as Exhibit "E."

8.      Counsel for Petitioners also agreed that the mediation should be completed prior to the Sate filing a motion to dismiss.  This was reflected on the email of January 2, 2008 of 3:00 p.m. from Rose Zoia to all counsel.  Attached as Exhibit "E" to this declaration is a true and correct copy of the State's email of January 2, 2008 suggesting a postponement of the motion, Ms. Zoia's reply and State's response of the same date.

9.      Without waiver of the State's right to bring its motion, I attended the March 31, 2008 Case Management Conference, during which the Court allowed me to personally serve a copy of the State's motion to Ms. Zoia and to counsel for the federal defendants, Charles M. O'Connor.  At that time, I also handed to the Court a courtesy copy of the notice, memoranda of points and authorities, declaration and proposed form of order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of May 2008, at San Francisco, California

_____
JANET WONG

# EXHIBIT A

STATE OF CALIFORNIA– BUSINESS, TRANSPORTATION AND HOUSING AGENCY _____ ARNOLD SCHWARZENEGGER,*Governor*

# DEPARTMENT OF TRANSPORTATION
LEGAL DIVISION
595 MARKET STREET, SUITE 1700
SAN FRANCISCO, CA 94105
P. O. BOX 7444, SAN FRANCISCO, CA 94120-7444
PHONE  (415) 904-5700
FAX  (415) 904-2333
TTY  711



*Flex your power!*
*Be energy efficient!*

October 22, 2007


Rose Zoia
50 Old Courthouse Square, Suite 600
Santa Rosa, CA 95404

In re:        Rohnert Park Citizens to Enforce CEQA *v. STATE OF CALIFORNIA*
              United States District Court for the North District of California,  No.  USCD C07
              4607 TEH

Dear Ms. Zoia:

This office represents the California Department of Transportation (the Department).  We were informed that you filed a federal action naming the Department as a defendant, and attempted service of Summons and Complaint on the Department at the Department of Justice.  On September 12, 2007, the Department of Justice sent you the attached letter returning the Summons and Complaint as it was not authorized to accept service on behalf of the Department of Transportation in this case.  To date, the Department has not been served with Summons and Complaint.  Service of all legal documents on the Department should be done through this office in this matter, and not through Caltrans District 4 in Oakland or the Office of the Attorney General.  Please call me if you have any questions about service.

In addition, we anticipate that we will be filing a motion to dismiss the Department in this case under Federal Rules of Civil Procedure 12(b)(1) on the grounds of sovereign immunity.  We request that you dismiss the Department in this federal action so that we would not have to spend additional resources of the parties and the court on this motion.

I look forward to discussing these matters with you.  Thank you.

Very truly yours,

Janet Wong
Deputy Attorney


Enclosure

*EDMUND G. BROWN JR.*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555

September 12, 2007

Rose M. Zola
50 Old Courthouse Square
Suite 600
Santa Rosa, CA 95404

RE:     RETURN OF DOCUMENTS DELIVERED TO THE DEPARTMENT
        OF JUSTICE, 1300 I STREET, SACRAMENTO, CALIFORNIA  95814

Dear Ms. Zola:

        Summon and Complaint for Declaratory, Mandamus, and Injunctive Relief...
        <u>Rohnert Park v. California Department of Transportation, et al.; USCD C07 4607 TEH</u>

        We are returning these documents for the following reasons:

        <u>XXX</u>1.   These documents were delivered to the Department of Justice in error.  We are
not authorized to receive or accept documents on behalf of the party you are trying to serve.

        _____2.   The documents are defective in that they do not state the name of the party being
served.

        _____3.   We have received delivery of the documents only on behalf of (<u>name of entity</u>).
We cannot receive or accept delivery of documents for individuals or other entities named in your
complaint.  These documents are being returned to you to effect proper service.

        _____4.   Other:

                        Sincerely,

                        *Pamela Russell*

                        Pamela Russell
                        Legal Analyst

                For     EDMUND G. BROWN JR.
                        Attorney General

# EXHIBIT B



# Rose M. Zoia
### Attorney

50 Old Courthouse Square, Suite 600
Santa Rosa, California 95404
707.526.5894 . fax 707.526.5895
rzoia@sbcglobal.net

November 7, 2007

Janet Wong
Deputy Attorney
Department of Transportation
Legal Division
595 Market Street, Suite 1700
San Francisco CA 94120-7444

RE:  *Rohnert Park Citizens to Enforce CEQA v. California Department of
     Transportation, et al.* (Wilfred Avenue Interchange Project), U.S.D.C. No.
     C074607THE

Dear Ms. Wong:

I am in receipt of your letter dated October 22, 2007.  As you know, the
above-referenced lawsuit filed in federal court challenges Caltrans actions
relative to the Wilfred Avenue Interchange Project as violations of the California
Environmental Quality Act (CEQA).  It further alleges Caltrans violated the
California Public Records Act.  The lawsuit names the Federal Highway
Administration based on its actions on the project in violation of the federal
National Environmental Policy Act (NEPA) and the federal Administrative
Procedures Act (APA).

On September 13, 2007, RPCEC served Caltrans by personal service on
Alex Wasser, Office of the Attorney General, at 1300 I Street, Sacramento.  A
copy of the Proof of Service of Summons is enclosed. As you note, those
documents were returned.  We also ordered service by One Legal, Inc. on
Caltrans behalf by service on the Office of the Attorney General at 455 Golden
Gate in San Francisco.  Upon inquiry at One Legal, I was informed that the order
was unilaterally "cancelled" by One Legal, without authorization.  One Legal is in
the process of "investigating" the unauthorized cancellation; I am awaiting the
explanation. Given that, I will have Caltrans served either personally at 595
Market Street, Suite 1700, per your letter, or perhaps you will agree to waive
service pursuant to Federal Rules of Civil Procedure, Rule 4(d).  Please let me
know as soon as possible either via email or telephone.  In any event, a notice of
the action and request to waive and waiver form are enclosed.

Letter to Janet Wong
November 7, 2007
Page 2

Your letter further states that you anticipate filing a motion to dismiss Caltrans "on the grounds of sovereign immunity." I know of no statutory, case, or other law that grants Caltrans, as a lead agency, sovereign immunity from suits alleging CEQA violations. (See, e.g., City of South Pasadena v. Goldschmidt (1981) 637 F.2d 677 ("CEQA's provisions supplement Caltrans' responsibilities under the state highway laws. [Cite] Caltrans had the task of complying with CEQA's requirements, both procedural and substantive. It was therefore obligated to consider alternatives and mitigate adverse consequences. Those obligations are meaningless without the power to select an alternate project.))

Caltrans is properly named in this case brought in federal court under the doctrine of supplemental jurisdiction. That doctrine, codified in 28 USC § 1367, subd. (a), provides that as long as the complaint sets forth a claim arising under federal law, the district court may adjudicate state law claims that are transactionally related to the federal claim. (See also Nolan v. Boeing Co. (5th Cir. 1990) 919 F2d 1058, 1063.) Before enactment of the above statute, the same jurisdictional doctrine was recognized by case law and called "pendent jurisdiction." The rationale was that "considerations of judicial economy, convenience and fairness to the litigant" gave a court with jurisdiction over a federal claim the power to determine related state law claims joined by the plaintiff. (United Mine Workers of America v. Gibbs (1966) 383 U.S. 715, 726.)

There is no question that the district court has jurisdiction over the NEPA and APA claims brought against the FHA. The same factual background – actions relative to the Wilfred Avenue Interchange Project – provides the basis for the state law CEQA claims against Caltrans. The claims are factually interdependent. Therefore, notions of judicial economy, convenience and fairness to the litigant gives the district court jurisdiction over the state law claims against Caltrans. This should alleviate any proposed motion to dismiss.

On a related note, as you know CEQA requires that, within 20 days of service with the petition or complaint, the respondent agency must file a notice of a settlement meeting to be held within 45 days of service. (Pub Resources Code § 21167.8, subd. (a) ) Once formal service is effected, we look forward to a prompt notice. My client representative and I are available November 15 19, and 20 in the mornings, and generally during the weeks of November 26th and December 3rd.

In addition, RPCEC elected to prepare the record of proceedings in this case. We acquired project documents, albeit incomplete, via the PRA request and recently acquired federal agency documents via a FOIA request. We

Letter to Janet Wong
November 7, 2007
Page 3

---

anticipate creating an index of the documents and forwarding it to you and the
FHA for review and comment so that the agencies can certify the record.  In that
regard, we propose the following procedural schedule in this case,
notwithstanding the settlement meeting, as discussed above:

11/23      index of proposed record documents to agencies
11/30      copy of proposed record documents to agencies
12/14      agencies' comments on proposed record, with additions or omissions
12/21      agencies' certification and lodgment of record
2/1        opening brief (taking into account two week holiday period)
2/29       opposition briefs
3/21       reply briefs

We look forward to hearing from you on these issues.

Very truly yours,

Rose M. Zoia

cc:    Rohnert Park Citizens to Enforce CEQA
       U.S. Attorney's Office Northern District of California

# EXHIBIT C

# Rose M. Zoia
### Attorney

50 Old Courthouse Square, Suite 600
Santa Rosa, California 95404
707.526.5894 . fax 707.526.5895
rzoia@sbcglobal.net

November 14, 2007

Janet Wong
Deputy Attorney
Department of Transportation
Legal Division
595 Market Street, Suite 1700
San Francisco CA 94120-7444

RE:   *Rohnert Park Citizens to Enforce CEQA v. California Department of
      Transportation, et al.* (Wilfred Avenue Interchange Project), U.S.D.C. No.
      C074607THE

Dear Ms. Wong:

Thank you for your phone message yesterday, and thank you for agreeing
to waive service pursuant to Federal Rules of Civil Procedure, Rule 4(d). Per
your phone message, it is fine with me that the 60 days commences from the
date you sign the waiver.

Very truly yours,

Rose M. Zoia

cc:   Rohnert Park Citizens to Enforce CEQA
      Charles O'Connor, Assistant U.S. Attorney

1  Rose M. Zoia ⬩ sbn 134759
2  Law Office of Rose M. Zoia
   50 Old Courthouse Square, Suite 600
3  Santa Rosa CA 95404
4  ph  707.526.5894
   fax 707.526.5895
5  Attorneys for Plaintiff
6
7              UNITED STATES DISTRICT COURT FOR
8              THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11  ROHNERT PARK CITIZENS TO          CASE NUMBER *C07 4607*
12  ENFORCE CEQA, and DOES 1 through 5,              *THE*
    inclusive,
13                    Plaintiff,
                                      WAIVER OF SERVICE OF
14  v.                                      SUMMONS
15  CALIFORNIA DEPARTMENT OF
    TRANSPORTATION, UNITED STATES
16  DEPARTMENT OF TRANSPORTATION,
    FEDERAL HIGHWAY ADMINISTRATION,
17  and DOES 6 through 10, inclusive,
18
                    Defendants.
19  _____/
20
21
22
23
24
25
26
27
28

TO: Rose M. Zoia, counsel for plaintiff

I acknowledge receipt of your request that I waive service of a summons in the action of *Rohnert Park Citizens to Enforce CEQA v. California Department of Transportation, et al.*, which is case number C074607THE in the United States District Court for the Northern District of California. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I or the California Department of Transportation be served with judicial process in the manner provided by Rule 4.

I and the California Department of Transportation will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me or the California Department of Transportation if an answer or motion under Rule 12 is not served upon you within 60 days after November 7, 2007.

Date: November 14, 2007

Janet Wong
Deputy Attorney
California Department of Transportation

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# EXHIBIT D

STATE OF CALIFORNIA– BUSINESS, TRANSPORTATION AND HOUSING AGENCY          ARNOLD SCHWARZENEGGER,*Governor*

## DEPARTMENT OF TRANSPORTATION

LEGAL DIVISION
595 MARKET STREET, SUITE 1700
SAN FRANCISCO, CA 94105
P. O. BOX 7444, SAN FRANCISCO, CA 94120-7444
PHONE (415) 904-5700
FAX (415) 904-2333
TTY 711



*Flex your power!*
*Be energy efficient!*

January 4, 2008

**<u>Via Facsimile and U.S. Mail</u>**
    (707) 526-5895

Ms. Rose Zoia
Law Offices of Rose M. Zoia
50 Old Courthouse Square, **Suite 401**
Santa Rosa, CA 95404

In re:        *Rohnert Park Citizens to Enforce CEQA v. STATE OF CALIFORNIA*
             *United States District Court for the North District of California,*
             *Case No. USCD C07 4607 TEH*

Dear Ms. Zoia:

Based on the Court's December 18, 2007 Case Management Order and in the interests of
judicial economy, our meet and confer discussion resulted in and agreement that the State will
not file its motion to dismiss or any other responsive pleading until after the early mediation is
concluded. Petitioners have also agreed that they will not take the default of the State in the
meantime. If necessary, the State will file its motion to dismiss and set a hearing after
concluding the mediation sessions. Thank you.

Very truly yours,

Janet Wong
Deputy Attorney

cc:     Charles O'Connor
        Assistant U.S. Attorney

*"Caltrans improves mobility across California"*

MESSAGE CONFIRMATION                    JAN-04-2008 01:52 PM FRI

FAX NUMBER : 
NAME       :

NAME/NUMBER    :  917075265895
PAGE           :  1
START TIME     :  JAN-04-2008 01:52PM FRI
ELAPSED TIME   :  00' 30"
MODE           :  STD ECM
RESULTS        :  [ O.K ]

---

STATE OF CALIFORNIA– BUSINESS, TRANSPORTATION AND HOUSING AGENCY          ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF TRANSPORTATION**
LEGAL DIVISION
595 MARKET STREET, SUITE 1700
SAN FRANCISCO, CA 94105
P. O. BOX 7444, SAN FRANCISCO, CA 94120-7444
PHONE (415) 904-5700
FAX (415) 904-2333
TTY 711

*Flex your power!*
*Be energy efficient!*

January 4, 2008

**Via Facsimile and U.S. Mail**
    (707) 526-5895

Ms. Rose Zoia
Law Offices of Rose M. Zoia
50 Old Courthouse Square, **Suite 401**
Santa Rosa, CA 95404

In re:      *Rohnert Park Citizens to Enforce CEQA v. STATE OF CALIFORNIA*
            *United States District Court for the North District of California,*
            *Case No. USCD C07 4607 TEH*

Dear Ms. Zoia:

Based on the Court's December 18, 2007 Case Management Order and in the interests of judicial economy, our meet and confer discussion resulted in and agreement that the State will not file its motion to dismiss or any other responsive pleading until after the early mediation is concluded. Petitioners have also agreed that they will not take the default of the State in the meantime. If necessary, the State will file its motion to dismiss and set a hearing after concluding the mediation sessions. Thank you.

Very truly yours,

Janet Wong
Deputy Attorney

cc:    Charles O'Connor
       Assistant U.S. Attorney

*"Caltrans improves mobility across California"*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROHNERT PARK CITIZENS TO
ENFORCE CEQA,

                Plaintiff,

     v.

CALIFORNIA DEPARTMENT OF
TRANSPORTATION, et al.,

               Defendants.

NO. C07-4607 TEH

CASE MANAGEMENT ORDER
AND ORDER REFERRING
CASE TO MEDIATION

Pursuant to the parties' stipulation during the December 6, 2007 alternative dispute resolution ("ADR") phone conference, this matter is HEREBY REFERRED to the ADR program office for mediation. Mediation shall be completed within ninety calendar days of the date of this order.

At the December 10, 2007 case management conference, Defendant California Department of Transportation stated its intention to file a motion to dismiss on January 16, 2008, noticed for hearing on March 3, 2008. The parties shall meet and confer to discuss whether it would be efficient for the parties to brief, and the Court to hear, this motion pending mediation.

Also at the December 10, 2007 case management conference, the Court discussed with the parties potential briefing schedules for dispositive motions. The Court finds it would be inefficient and counterproductive for such briefing to occur while mediation remains pending. Accordingly, IT IS HEREBY ORDERED that, if this case does not settle

United States District Court

For the Northern District of California

1  at mediation, the parties shall meet and confer and file a joint case management statement on

2  or before **March 24, 2008,** and, unless otherwise ordered, shall appear for a further case

3  management conference on **March 31, 2008, at 1:30 PM.**

4

5  **IT IS SO ORDERED.**

6

7  Dated:   12/18/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

# EXHIBIT E



**Janet**
**Wong/D04/Caltrans/CAGov**
01/02/2008 03:12 PM

To  "Rose Zoia" <rzoia@sbcglobal.net>

cc  "Gainer, Brett" <Brett.Gainer@fhwa.dot.gov>, "O'Connor, Charles \(USACAN\)" <Charles.OConnor@usdoj.gov>, "Lois Yoshida" <lois_yoshida@dot.ca.gov>

bcc

Subject  Re: Meet and Confer--Rohnert Park Citizens Group

Rose: I will send you a letter confirming this understanding, and that Petitioners will not take the State's default since the motion will be delayed pending mediation. We will not need to have a conference on Monday. I will await further communications from you to set the mediation date. Thank you.
Janet Wong

CONFIDENTIALITY NOTICE
This is a privileged attorney-client/attorney work-product communication. It
is for the sole use of the intended recipient(s). Any unauthorized review, use,
disclosure or distribution is prohibited. If you are not the intended recipient, please
contact the sender by reply e-mail and destroy all copies of the original message.
Do not print, copy or forward.

"Rose Zoia" <rzoia@sbcglobal.net>



**"Rose Zoia"**
**<rzoia@sbcglobal.net>**
01/02/2008 03:00 PM

To  "Janet Wong" <janet_wong@dot.ca.gov>

cc  "Lois Yoshida" <lois_yoshida@dot.ca.gov>, "O'Connor, Charles \(USACAN\)" <Charles.OConnor@usdoj.gov>, "Gainer, Brett" <Brett.Gainer@fhwa.dot.gov>

Subject  Re: Meet and Confer--Rohnert Park Citizens Group

Janet,

Petitioner agrees with your logical suggestion - to complete the mediation before the State files the motion to dismiss.

Thank you,
Rose

----- Original Message -----
From: "Janet Wong" <janet_wong@dot.ca.gov>
To: "Rose Zoia" <rzoia@sbcglobal.net>
Cc: "Gainer, Brett" <Brett.Gainer@fhwa.dot.gov>; "O'Connor, Charles (USACAN)" <Charles.OConnor@usdoj.gov>; "Lois Yoshida" <lois_yoshida@dot.ca.gov>
Sent: Wednesday, January 02, 2008 2:53 PM
Subject: Re: Meet and Confer--Rohnert Park Citizens Group

> Rose:  Monday would be fine.  How about 10:00 a.m. for the call? I can
> conference in all the parties.
> However,  to expedite matters in the interim, we can begin a dialogue by
> email on the issue.  If we can make a decision, the call may not be
> necessary.
>
> In the case management conference order, Judge Henderson stated "The

> parties shall meet and confer to discuss whether it would be efficient for
> the parties to brief, and the Court to hear, this motion pending
> mediation."
>
> Based upon that suggestion, one proposal is to hold off on the filing and
> the hearing of the State's motion to dismiss until there has been a chance
> to go through mediation, which has to be completed by March 17.  If
> Petitioners will not take the default of the State, we can wait until
> after
> March 17 to file our motion to dismiss and then set the earliest hearing
> date after that,.  If that is not agreeable, then we will proceed to file
> the motion by January 16 and have the hearing set for March 3.  We are
> open
> to any other suggestions that the parties may have.
>
> Thank you.
>
> Janet Wong
> Deputy Attorney
> Department of Transportation
> (415)904-5678
>
>
>
> (Embedded image moved to file: pic30029.gif)
>
>
>
>           "Rose Zoia"
>           <rzoia@sbcglobal.
>           net>                                To
>                       "Janet Wong"
>           01/02/2008 02:38        <janet_wong@dot.ca.gov>
>           PM                               cc
>                       "Gainer, Brett"
>                       <Brett.Gainer@fhwa.dot.gov>,
>                       "O'Connor, Charles \(USACAN\)"
>                       <Charles.OConnor@usdoj.gov>, "Lois
>                       Yoshida" <lois_yoshida@dot.ca.gov>
>                                    Subject
>                       Re: Meet and Confer--Rohnert Park
>                       Citizens Group
>
>
>
>
>
>
>
>
>
>
> Janet, and counsel:
>
> Happy New Year to you all.
>

> I am best available next week, Monday would work.  My husband is having
> knee
> surgery as I write, so it's best that I'm around for the next few days.
> Is
>
> Monday too late Janet?  If so, I can make it work this week.
>
> Rose
>
> ----- Original Message -----
> From: "Janet Wong" <janet_wong@dot.ca.gov>
> To: "Rose Zoia" <rzoia@sbcglobal.net>
> Cc: "Gainer, Brett" <Brett.Gainer@fhwa.dot.gov>; "O'Connor, Charles
> (USACAN)" <Charles.OConnor@usdoj.gov>; "Lois Yoshida"
> <lois_yoshida@dot.ca.gov>
> Sent: Wednesday, January 02, 2008 1:07 PM
> Subject: Re: Meet and Confer--Rohnert Park Citizens Group
>
>
>> Ms. Zoia and counsel: Happy Holidays to you all.  Pursuant to the Court's
>> case management conference order, I would like to meet and confer with
>> Petitioner's counsel regarding the State's motion.  I would like to
>> conduct
>> the meet and confer as soon as possible since the State's motion will be
>> filed by January 16th.  Please let me know when you would be available.
>> Although the meet and confer mainly involves the issues on the State's
>> motion, the federal defendants are welcome to join the conference.  Thank
>> you.
>>
>> Janet Wong
>> Deputy Attorney
>> Department of Transportation
>> (415)904-5678
>>
>>
>> (Embedded image moved to file: pic11765.gif)
>
>

Case Name:   *Rohnert Park Citizens, et al. v. Department of Transportation, et al.,*
Case No.:    **Northern District Court No.  C 07 4607 TEH**

## PROOF OF SERVICE

I, the undersigned, say:  I am, and was at all times herein mentioned, employed in the City and County of San Francisco, over the age of 18 years and not a party to the within action or proceedings; that my business address is 595 Market Street, Suite 1700, P.O. Box 7444, San Francisco, California 94120-7444; that on the date set forth below, I served the within

**DECLARATION OF JANET WONG IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION'S REPLY IN SUPPORT OF MOTION TO DISMISS [FRCP RULE 12(b)(1)]**

on all parties in said action by:

____    (MAIL) by placing a true copy thereof enclosed in a sealed envelope for each person(s) named below, addressed as set forth immediately below the respective name(s), with postage thereon fully prepaid as first-class mail.  I deposited the same in a mailing facility regularly maintained by the United States Post Office for the mailing of letter(s) at my above-stated place of business.

____    (PERSONAL SERVICE) by placing a true copy thereof enclosed in a sealed envelope, for each person(s) named below, and caused such envelope to be delivered by hand to the address(es) as set forth immediately below the respective name(s) pursuant to this Proof of Service.

____    (FACSIMILE TRANSMITTAL) by faxing a true copy thereof as indicating by the address(es), and facsimile telephone number(s) for each person(s) named below as set forth immediately below the respective name(s) pursuant to this Proof of Service.

_X_    (OVERNIGH DELIVERY) By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to the office of the State of California, Department of Transportation, to be delivered by Express Mail, to the address(es) shown below.

Rose M. Zoia                          Charles M. O'Connor
50 Old Courthouse Square, Suite 600   Assistant United States Attorney
Santa Rosa, CA 95404                  450 Golden Gate Avenue, 9th Floor
Telephone # (707) 526-5894            San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2008, at San Francisco, California.

_____
FRANCIA AQUINO, Declarant

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
595 Market Street, Suite 1700, San Francisco, California 94105
Mail: P.O. Box 7444, San Francisco, California 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333