BRUCE A. BEHRENS, Chief Counsel
DAVID GOSSAGE, Deputy Chief Counsel
LUCILLE Y. BACA, Assistant Chief Counsel
JANET WONG, Bar No.124272
LOIS H. YOSHIDA, Bar No. 162000
595 Market Street, Suite 1700, San Francisco, CA 94105
Mail: P.O. Box 7444, San Francisco, CA 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333

Attorneys for DEFENDANT STATE OF CALIFORNIA
DEPARTMENT OF TRANSPORTATION

THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROHNERT PARK CITIZENS TO ENFORCE CEQA, and DOES 1 through 5, inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION; UNITED STATES DEPARTMENT OF TRANSPORTATION; FEDERAL HIGHWAY ADMINISTRATION; and, DOES 6 through 10, inclusive,<br><br>Defendants. | No. C 07 4607 TEH<br><br>**DEFENDANT STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(1)]**<br><br>**Hearing Date:** June 2, 2008<br>**Hearing Time:** 10:00 A.M.<br>**Judge:** Hon. Thelton E. Henderson |

## I. Introduction

Defendant STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION'S ("State") motion to dismiss on the grounds of sovereign immunity should be granted. In this action against the State for violations of state law, the California Environmental Quality Act ("CEQA") and the California Public Records Act ("CPRA"), Plaintiff asserts that supplemental jurisdiction applies over the State's 11th Amendment immunity despite the Supreme Court's explicit holding that supplemental jurisdiction does not abrogate the 11th Amendment. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984). Plaintiff also attempts to invoke the Ex parte Young exception to the 11th Amendment by arguing that this action fits within narrow

requirements applying to prospective injunctive relief against a state official for a violation of federal law. Ex parte Young, 209 U.S. 123 (1908); Edelman v. Jordan, 415 U.S. 651, 664 (1974); and Seven Up Pete Venture v. Schweitzer, 2008 U.S. App. Lexis 8595 (April 21, 2008). This action fulfills none of those criteria, precluding application of the Young exception here. Finally, Plaintiff's argument that this motion is untimely is not supported by the Federal Rules of Civil Procedure 12(b), and is contrary to the parties' stipulations to delay the filing of this motion pending mediation, and the Court's case management orders setting the schedule in this case.

## II. Argument

The sovereign immunity granted by the 11th Amendment bars Plaintiff's action against the State in this Court. None of Plaintiff's substantive and procedural arguments are valid or applicable in this action.

**A.   Supplemental jurisdiction does not abrogate the State's 11th Amendment Immunity.**

Plaintiff first asserts that the 11th Amendment does not abrogate the Court's jurisdiction over the CEQA claim against the State. Plaintiff's Opposition at 8. Even assuming that supplemental jurisdiction applies, there is no case, statute or reason to support this argument. To the contrary, the Supreme Court established in Pennhurst, and reaffirmed in Raygor v. Regents of the University of Minnesota, 534 U.S. 533 (2002), that supplemental jurisdiction does not override the 11th Amendment's grant of sovereign immunity. 465 U.S. at 106. The holdings in Pennhurst and Raygor do not leave room for the Plaintiff's contrary interpretation and firmly displace the notion that the supplemental jurisdiction statue, 28 U.S.C. § 1367, abrogates the 11th Amendment.

As the Supreme Court unequivocally stated, "neither pendant jurisdiction nor any other basis of jurisdiction may override the 11th Amendment." Pennhurst, 465 U.S. at 121; Raygor, 465 534 U.S at 540-41. For Congress to abrogate the 11th Amendment, "it must make its intention to abrogate unmistakably clear in the language of the statute." Raygor, 534 U.S. at 541. The Raygor Court held, "[W]e cannot read § 1367(a) to authorize district courts to exercise jurisdiction over claims against nonconsenting states, even though nothing in the statute expressly excludes such claims…[W]e hold that § 1367(a)'s grant of jurisdiction does not extend to claims against non-

1 | consenting state defendants." Id. at 541-42. Based upon the clear dictates of the Supreme Court,
2 | supplemental jurisdiction does not create an exception, nor can it "abrogate" the 11th Amendment's
3 | bar to sovereign immunity.[1]

**B.  Ex parte Young does not apply where the cause of action is based on state law and where a state official is not the named party.**

Plaintiff's argument that the Ex parte Young exception to the 11th Amendment should be applied is equally unmeritorious. 209 U.S. 123 (1908). Ex parte Young created a limited exception to the 11th Amendment where "plaintiffs seek prospective injunctive relief against the state official for a violation of federal law." Seven Up Pete Venture v. Schweitzer, 2008 U.S. App. Lexis 8595, *8-9 (April 21 2008) (citing Ex parte Young, 209 U.S. 123 (1908) and Edelman v. Jordan, 415 U.S. 651, 664 (1974)).

"In determining whether the doctrine of Ex parte Young avoids an 11th Amendment bar to suit, a court need conduct only a 'straightforward inquiry into whether the complaint 1) alleges an ongoing violation of federal law and 2) seeks relief properly characterized as prospective.'" Seven Up Pete Venture, 2008 U.S. App. Lexis 8595, *19 (citing Verizon Md. Inc. v. Pub. Serv. Comm'n, 535 U.S. 635 (2002) add'l citations ommitted). Plaintiff's complaint in this action does not meet any of these criteria to apply the Young exception.

Plaintiff's complaint does not allege an ongoing violation of federal law against the State, but seeks to invalidate the State's environmental approval based upon CEQA. No where in the Complaint does Plaintiff allege that the State violates a federal law. In fact, the Complaint alleges separately the violations of federal law and state law in three distinct causes of action. The NEPA claim is set forth in section V against the federal defendants of the U.S. Department of Transportation and the Federal Highway Administration. See, Complaint For Declaratory, Mandamus, and Injunctive Relief For Violations of the National Environmental Policy Act, Administrative Procedure Act, The California Environmental Quality Act, and the California

---

[1] Plaintiff also claims that "pendent jurisdiction" applies. As discussed in the State's Memorandum of Points and Authorities in Support of Motion, neither pendent jurisdiction nor supplemental jurisdiction override the 11th Amendment sovereign immunity. Added to the code in 1990, Supplemental jurisdiction is the codification of the judicially developed concepts of pendent claim, pendent party, and ancillary jurisdiction. Pub. L. No. 101-650, Dec. 1 1990; 32A Am. Jur. 2d Federal Courts § 604.

Public Records Act ("Plaintiff's Complaint"), p. 10-12. The State claims for violations of state law under CEQA and CPRA are separately stated in section VI and are referred to as "CAUSE OF ACTION FOR VIOLATIONS OF CEQA (against Caltrans)" and section VII "CAUSE OF ACTION FOR VIOLATIONS OF THE PRA (against Caltrans)." Plaintiff's Complaint, p. 12-13. In addition, the prayer for relief requests "That the Court issue a Peremptory Writ of Mandate ordering defendants to set aside their **respective actions** and any approvals in furtherance of the project and to comply with NEPA, the APA, CEQA, the PRA and other applicable laws prior to further consideration [of] the project (emphasis added)." Plaintiff's Complaint at 13. The fact that the environmental document issued for the project was a joint document, does not give rise to Plaintiff's belated assertion in its Opposition that the State has violated federal law. On the face of the complaint alone, the claims against the State solely for state law violations defeat attempts to invoke the Ex parte Young exception. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984). See Spoklie v. Montana, 411 F.3d 1051, 1060 (9th Cir. 2005)(holding that since the plaintiff "seeks to vindicate an asserted right under state rather than federal law, Pennhurst dictates that this claim must be dismissed.").

The Supreme Court has held, "Young and Edelman are inapplicable in a suit against state officials on the basis of state law…A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law." 465 U.S. at 104-6. The basis of the Young and Edelman decisions is the vindication of federal law as the supreme law of the land, which has been strictly upheld and enforced. Id. at 104-5. To the extent that federal law must prevail over state law, there remain constitutional limitations that limit this authority. Those limitations are embodied, for instance, in the 11th Amendment's grant of immunity to the states. Edelman stands for the proposition that by distinguishing between prospective and retrospective relief the Young fiction preserves states' sovereign immunity. Id. at 105. Young and Edelman, of course, rely on the basic theory that federal law is supreme. The need to balance the competing interests inherent in Young and Edelman – the supremacy of federal law against constitutional limitations – is "wholly absent" when the plaintiff alleges a violation of state law. Id. at 106.

4

DEFENDANT STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(1)

Plaintiff cites numerous cases applying Young and Edelman, which adjudicate federal law injunctive claims against state defendants, with requirements that are not present here. NRDC v. California Department of Transportation, 96 F.3d 420 (9th Cir. 1996)(in a federal Clean Water Act action, State was dismissed and the injunctive relief claim against the State official was the only viable claim); Nelson v. Miller, 170 F.3d 641 (6th Cir. 1999)(application of the Ex parte Young exception in enforcement of federal ADA claim against individual defendant); Mancuso v. New York State Throughway Authority, 909 F.Supp. 133 (S.D.N.Y. 1995)(11th Amendment did not bar suit against state agency which was not an arm of the state); and Committee to Save Mokelumne River v. East Bay Municipal Utility District, 13 F.3d 305 (9th Cir. 1993)(11th Amendment did not bar suit seeking prospective injunctive relief against a municipality). These cases are distinguishable and do not apply because they fulfill the criteria of seeking injunctive relief of an ongoing violation of federal law (e.g. NRDC, Nelson), or the defendant was not an arm of the state and thus not entitled to the 11th Amendment immunity from suit in federal court. (e.g. Mancuso, Committee to Save Mokelumne River).

Finally, Plaintiff's failure to sue a State official also defeats its attempt to circumvent the 11th Amendment. Young applies only when a state official is the named defendant in the action. Here, no State official is named, which is fatal to the application of the Young exception. Thus, the requirement that a State official be named is not met. See Southern Pacific Transp. Co. v. City of Los Angeles, 922 F.2d 498, 508 (9th Cir. 1990) (the dismissal of the California Department of Transportation from a suit in federal court based on 11th Amendment grounds was appropriate because the plaintiff sued the State directly as opposed to a State official.).

Plaintiff's invitation to this court to grant it leave to amend its complaint to name State officials is inconsequential and futile. Even if the Plaintiff amended the complaint to name State officials, Young and Edelman would still not apply because the State has not been accused of violating a federal law. Therefore, granting leave to amend would serve no purpose in this action.

### C. This Motion to Dismiss is Timely.

Plaintiff argues that this motion is untimely based upon local rule 16-5, which required this

motion be filed "prior to the expiration of the 90 days for filing the answer (pleading)." Plaintiff's Opposition at p. 14. Plaintiff's reference and reliance upon Local Rule 16-5 is misplaced.

Federal Rules of Civil Procedure 12(b) allows a party to assert the defense of the lack of subject matter jurisdiction, and the failure to state a claim by motion, or in a responsive pleading. It does not proscribe the time for the filing of the motion, or that it has be filed prior to the filing of an answer, as suggested by Plaintiff. Local Rule 16-5 sets forth the general requirement for the service of a pleading with the administrative record within 90 days of the complaint.

Here, the parties with the participation of the Court, had stipulated to the procedural time lines in the case for the filing of the administrative record, for mediation, the filing of the motion, and for case management conferences, superseding the general guidelines of Local Rule 16-5. See Declaration of Janet Wong, Exhibits A-E. Those dates were set and confirmed in writing by correspondence, and in the Court's case management orders. Id., exhibits A- E, see also, Declaration of Lois Yoshida, exhibit A.

Based on the history of this case, Plaintiff's claim that this motion is late is a surprise and contradicts the clearly documented understanding of the parties and Court about dates for filing and setting the motion. A brief summary of the proceedings in this case shows that Plaintiff's assertion is unfounded. The complaint was filed in September 2007. The State agreed to accept service on November 14, 2007. Wong Declaration, exhibit C. The parties appeared for the first case management conference on December 18, 2007, agreeing to enter into mediation within 90 days, and tentatively setting the State's motion for hearing on March 3, 2008, and setting the next case management conference for March 31, 2008. Wong Declaration, Exhibit D. After the conference, the Court issued its December 18, 2007 Case Management Order, which stated in reference to the State's motion: "The parties shall meet and confer to discuss whether it would be efficient for the parties to brief, and the Court to hear, this motion pending mediation." Wong Declaration, Exhibit D. Based upon this suggestion by the Court, the parties met and conferred, resulting in the agreement that the State would not file its motion to dismiss or any other responsive pleading until after the early mediation concluded in March 2008. Declaration of J. Wong, Exhibit E. After that mediation session, the State discussed and confirmed available

hearing dates with Plaintiff and advised the Court at the March 31, 2008 Case Management Conference of the agreed upon June 2, 2008 hearing. Declaration of Lois Yoshida and exhibit A. Plaintiff and the Court were personally served with the State's motion at the March 31 Case Management Conference. Wong Decl., paragraph 9, and Yoshida Decl. Paragraphs 3, 4, exh. A). Based upon these events, and given Plaintiff's agreement to extend the due date for the State's responsive pleading and to extend the filing of this motion to after the mediation, Plaintiff's challenge that the State's motion is untimely has absolutely no merit.

### III. CONCLUSION

For the reasons stated above, Defendant State requests that this Court grant its Motion to Dismiss under Rule 12 (b)(1) because the 11th Amendment bars this action, and no exceptions to this well-established rule applies.

DATED: May 19, 2008

> BRUCE A. BEHRENS
> DAVID GOSSAGE
> LUCILLE Y. BACA
> JANET WONG
> LOIS YOSHIDA
>
> By: *[signature: Janet Wong]*
> Attorneys for STATE OF CALIFORNIA

CALIFORNIA DEPARTMENT OF TRANSPORTATION - LEGAL DIVISION
595 Market Street, Suite 1700, San Francisco, California 94105
Mail: P.O. Box 7444, San Francisco, California 94120-7444
Telephone: (415) 904-5700, Facsimile: (415) 904-2333

1  Case Name: *Rohnert Park Citizens, et al. v. Department of Transportation, et al.,*
2  Case No.:   Northern District Court No. C 07 4607 TEH

## PROOF OF SERVICE

I, the undersigned, say: I am, and was at all times herein mentioned, employed in the City and County of San Francisco, over the age of 18 years and not a party to the within action or proceedings; that my business address is 595 Market Street, Suite 1700, P.O. Box 7444, San Francisco, California 94120-7444; that on the date set forth below, I served the within

**DEFENDANT STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(1)**

on all parties in said action by:

____ (MAIL) by placing a true copy thereof enclosed in a sealed envelope for each person(s) named below, addressed as set forth immediately below the respective name(s), with postage thereon fully prepaid as first-class mail. I deposited the same in a mailing facility regularly maintained by the United States Post Office for the mailing of letter(s) at my above-stated place of business.

____ (PERSONAL SERVICE) by placing a true copy thereof enclosed in a sealed envelope, for each person(s) named below, and caused such envelope to be delivered by hand to the address(es) as set forth immediately below the respective name(s) pursuant to this Proof of Service.

____ (FACSIMILE TRANSMITTAL) by faxing a true copy thereof as indicating by the address(es), and facsimile telephone number(s) for each person(s) named below as set forth immediately below the respective name(s) pursuant to this Proof of Service.

_X_ (OVERNIGH DELIVERY) By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to the office of the State of California, Department of Transportation, to be delivered by Express Mail, to the address(es) shown below.

Rose M. Zoia                                Charles M. O'Connor
50 Old Courthouse Square, Suite 600         Assistant United States Attorney
Santa Rosa, CA 95404                        450 Golden Gate Avenue, 9th Floor
Telephone # (707) 526-5894                  San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2008, at San Francisco, California.

_____
FRANCIA AQUINO, Declarant