**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROHNERT PARK CITIZENS TO
ENFORCE CEQA,

    Plaintiff,

  v.

CALIFORNIA DEPARTMENT OF
TRANSPORTATION, et al,

    Defendants.

NO. C07 4607 TEH

ORDER VACATING HEARING
DATE, GRANTING
DEFENDANT CALTRANS'S
MOTION TO DISMISS, AND
VACATING CASE
MANAGEMENT CONFERENCE

  Defendant California Department of Transportation ("Caltrans") moves to dismiss Plaintiff's claims against it under Fed. R. Civ. Pro. 12. Having considered the Parties' briefs, the Court has determined this matter is appropriate for resolution without oral argument. Accordingly, the hearing set for Monday, June 2, 2008 is VACATED, and Defendant's Motion is GRANTED. Plaintiff's second and third Causes of Action against Defendant Caltrans are DISMISSED with prejudice.

**INTRODUCTION AND BACKGROUND**

  Plaintiff group Rohnert Park Citizens to Enforce CEQA ("RPCEC") is an association dedicated to protecting and preserving environmental resources in southern Sonoma County. This action concerns the Wilfred Avenue Interchange Project ("Project"), a highway project to widen and perform other construction on Highway 101 in the City of Rohnert Park in Sonoma County. Plaintiff challenges project approval and environmental determinations made by both federal and state agencies, under federal and state law, respectively, because the agencies' environmental reviews failed to take into account traffic from a proposed casino to be located less than a mile away.

Plaintiff's first Cause of Action alleges that the Federal Highway Administration ("FWHA") and the federal Department of Transportation ("DOT") approved the Project in violation of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.  Complaint ¶¶ 30-37.  The second Cause of Action alleges that Defendant California Department of Transportation ("Caltrans") violated the approved the Project in violation of the California Environmental Quality Act ("CEQA"), Cal. Pub. Res. Code § 21000, *et seq.*  Complaint ¶¶ 38-40.  Finally, the third Cause of Action alleges Caltrans violated the California Public Records Act, Cal. Gov. Code §§ 6250, *et seq.* by withholding certain public records from Plaintiff, its members, and representatives.  Complaint ¶¶ 41-42.  The Complaint seeks an order requiring the federal defendants and Caltrans to set aside their decisions and reconsider the project with environmental impact analyses that take the casino into account.

Defendant Caltrans moves to dismiss under either Fed. R. Civ. Pro. 12(b)(1) or 12(b)(6) on the ground that the Eleventh Amendment bars federal courts from adjudicating claims of alleged state law violations against a state.[1]

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. A motion to dismiss for lack of subject matter jurisdiction may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead challenge the factual basis for subject-matter jurisdiction. *Thornhill Publishing Co. v. General Tel. & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  Where, as here, the motion constitutes a facial attack, the Court considers the factual allegations of the

---

[1] Defendant United States Department of Transportation, Federal Highway Administration filed a statement that it "takes no position on the merits" of the motion.

2

complaint to be true. *Thornhill*, 594 F.2d at 733; *Natural Resources Defense Council v. Kempthorne,* 539 F.Supp.2d 1155, 1161 (E.D. Cal.2008).

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint's allegations, a court must assume the facts alleged in the complaint to be true unless the allegations are controverted by exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint and whose authenticity no party questions. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). A court should not grant dismissal unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**DISCUSSION**

The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 676-77 (1974). Eleventh Amendment immunity extends to suits against a state agency such as Caltrans. *Natural Resources Defense Council v. California Dept. of Transp.,* 96 F.3d 420, 421-422 (9th Cir. 1996), *citing Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142-46 (1993).

Although federal courts ordinarily have supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims that arise from the same nucleus of operative facts as federal question claims, "§ 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants." *Raygor v. Regents of University of Minnesota,* 534 U.S. 533, 541-42 (2002); *Stanley v. Trustees of California State University,* 433 F.3d 1129, 1134 (9th Cir. 2006)(28 U.S.C. § 1367 does not abrogate a state's constitutional immunity under the Eleventh Amendment from suit in federal court); *see also Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984)(court must assess each claim to determine if the

3

1  Eleventh Amendment bars suit; pendent jurisdiction does not override the Eleventh
2  Amendment).
3      Citing the doctrines of *Ex Parte Young,* 209 U.S. 123 (1908) and *Edelman v. Jordan*,
4  415 U.S. 651, 667-669 (1974), Plaintiff argues that the Eleventh Amendment does not bar
5  suit where, as here, the suit seeks only prospective relief.  But the Supreme Court has
6  unequivocally held that "*Young* and *Edelman* are inapplicable in a suit against state officials
7  on the basis of state law." *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 106
8  (1984).   The Court reasoned, "[a] federal court's grant of relief against state officials of the
9  basis of state law, whether prospective or retroactive, does not vindicate the supreme
10 authority of federal law[,]" which was the underlying rationale articulated in *Edelman, supra*.
11 *Id.*.  It is well-settled that "*Ex parte Young* allows prospective relief against state officers
12 only to vindicate rights under federal law." *Spoklie v. Montana,* 411 F.3d 1051, 1060 (9th
13 Cir. 2005).[2]
14     Plaintiff argues that *Pennhurst* is not applicable because there, the federal and state
15 claims were "distinct and separable" and could not create directly conflicting results.
16 Plaintiff points to no authority creating an exception to the Eleventh Amendment under those
17 circumstances.  Moreover, Plaintiff has not explained why there would be an "enormous and
18 insurmountable conflict" if state and federal courts issues conflicting rulings environmental
19 assessments and project approvals could comply with CEQA but not NEPA, or vice-versa.
20 In many contexts, an act may comply with federal law but violate state law, or run afoul of
21 federal law while complying with state law.
22     Plaintiff next argues that if the Court is inclined to dismiss Caltrans, it should allow
23 Plaintiff leave to amend the Complaint to name individuals *officials* of Caltrans as
24 defendants, so that the claims would fall with the exception to the Eleventh Amendment for

---

[2] The cases Plaintiff cites all involve claims that the defendant violated federal law.  *See Mancuso v. New York State Thruway Authority*, 909 F.Supp. 133 (S.D.N.Y. 1995)(Clean Water Act, 33 U.S.C. § 1365); *Committee to Save Mukelumne River v. East Bay Municipal Utility District*, 13 F.3d 305 (9th Cir. 1993)(same); *Florida Department of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982)(federal admiralty *in rem* action); *Nelson v. Miller*, 170 F.3d 641 (6th Cir. 1999)(Americans with Disabilities Act of 1990, 42 U.S.C.A. §§ 12101-02, 12131-50 and Rehabilitation Act of 1973, 29 U.S.C.A. § 794).

4

1 suits against state officials for acts beyond the scope of their authority, set out in *Ex Parte*
2 *Young*, *supra.* Opp. Opp. at 13-14. Amendment would be futile, however, because as set out
3 above, *Ex Parte Young* creates an exception to Eleventh Amendment immunity only for
4 claims alleging violation of *federal* law, not state law.

5 Finally, Plaintiff argues that Caltrans's motion is untimely. However, the parties
6 stipulated, in writing, that Caltrans would file its motion after early mediation in March,
7 2008. Wong Decl. Exhs. D, E (confirming letters and emails). At the Case Management
8 Conference on March 31, 2008, the parties agreed Caltrans would file its motion and have it
9 heard on June 2, 2008 because that was the first day all counsel were available. Caltrans
10 filed its motion on April 1, 2008. The motion is timely.

**CONCLUSION**

Caltrans's Motion to Dismiss is GRANTED. Plaintiffs' second and third Causes of Action are hereby DISMISSED with prejudice.

The Case Management Conference set for June 2, 2008 at 10:00 a.m. is hereby VACATED. If the parties would like the Court to hold a Case Management Conference, either on June 2, 2008 at 1:30 p.m. or on some other date, they should notify the courtroom deputy at (415) 522-2047.

**IT IS SO ORDERED.**

Dated: May 20, 2008

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5