1  Rose M. Zoia ◆ sbn 134759
2  Law Office of Rose M. Zoia
3  50 Old Courthouse Square, Suite 401
   Santa Rosa CA 95404
4  ph 707.526.5894
   fax 707.526.5895
5  Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHNERT PARK CITIZENS TO ENFORCE CEQA, and DOES 1 through 5, inclusive, | CASE NUMBER C 007-4607 THE |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, and DOES 6 through 10, inclusive, | Date: July 14, 2008 Time: 1:30 p.m. Ctrm: 12, 19th Fl, SF |
| Defendants. | |

Plaintiff Rohnert Park Citizens to Enforce CEQA and Defendants United States Department of Transportation and Federal Highway Administration (Federal Defendants) submit this joint Case Management Statement pursuant to the Clerk's Notice Scheduling Case Management Conference filed June 13, 2008.

---
**JOINT CASE MANAGEMENT STATEMENT**
*Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607

**1. Jurisdiction and Service:** Plaintiff contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1361.  Venue is appropriate in the Northern District of California under 28 U.S.C. § 1391(e).

Federal Defendants state that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, but does not agree that it has jurisdiction under 28 U.S.C. § 1361. The Office of the U.S. Attorney, Northern District of California and Federal Defendants have been served with process.

**2. Facts:**   Federal Defendants and the California Department of Transportation (Caltrans), which has been dismissed from this suit, proposed building the Wilfred Avenue Interchange Project in Rohnert Park, Sonoma County, California (the Project).  The Project proposes to modify the interchange to connect Wilfred Avenue to Golf Course Drive by an under-crossing and to widen and realign U.S. Route 101 for HOV lanes from Rohnert Park Expressway Overcrossing to the Santa Rosa Avenue Over-crossing.

Federal Defendants and Caltrans prepared and released a joint Negative Declaration/Initial Study (CEQA) and Environmental Assessment/Finding of No Significant Impact (EA/FONSI), pursuant to the National Environmental Policy Act (NEPA).

Plaintiff contends that the NEPA documents do not discuss the environmental impacts of a casino proposed in the vicinity of the Project.

//

//

**3. Legal Issues:**

Plaintiff contends that the legal issues are (1) whether an Environmental Impact Statement ("EIS") is required for the Project pursuant to NEPA.

Federal Defendants contend that the legal issue is whether the preparation of an EIS is required for the Project pursuant to NEPA.

**4. Motions:** Plaintiff does not anticipate making any motions.

Federal Defendants state that the parties should stipulate to a proposed schedule for briefing and hearing of cross-motions for summary judgment and ask the Court to enter an order adopting that schedule.

**5. Amendment of Pleadings:** Plaintiff does not anticipate amending the complaint.

**6. Evidence Preservation:** Plaintiff contends that this is a mandamus case tried on the administrative record. The administrative record was served on plaintiff on or about March 31, 2008.

**7. Disclosures:** This is an action for review of an administrative record and exempt from the rule for initial disclosures, pursuant to Rule 26(a)(1)(E), Fed.R.Civ.P.

**8. Discovery:** Discovery is neither necessary nor appropriate in this action for review of an administrative record.

**9. Class Actions:** This case is not a class action.

**10. Related Cases:** None.

**11. Relief:** Plaintiff requests (1) a Peremptory Writ of Mandate ordering defendants to set aside their respective actions and any approvals in furtherance of the project and to comply with NEPA, the APA, and other applicable laws prior to further consideration the project; (2) declaratory relief; (3) upon necessity and the filing of a request, that Court issue a temporary stay of the administrative approvals and/or a temporary restraining order and preliminary injunction; (4) a permanent injunction enjoining defendants from engaging in any activity connected with the approvals or the project unless and until this Court finds that the approvals are in full compliance with NEPA, the APA, and all other applicable laws; and (5) costs of suit and attorney's fees herein pursuant to the Equal Access to Justice Act, 28 U.S.C. §§ 2412(b), (d), or pursuant to any other applicable law.

Federal Defendants request a summary judgment dismissing the Complaint and an award of costs.

**12. Settlement and ADR:** The parties participated in mediation on March 11, 2008, but were unable to reach a settlement.  Since Caltrans was dismissed from this action, plaintiffs filed a similar action against it in state court alleging CEQA violations. The mediator has contacted the parties since then to determine if further mediation is prudent.  The parties are discussing the possibilities but do not believe a briefing and hearing schedule should be further postponed.

**13. Consent to Magistrate Judge For All Purposes:**  Plaintiff consents to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

JOINT CASE MANAGEMENT STATEMENT
*Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607                                     5

The United States respectfully declines to consent to magistrate judge for further proceedings.

**14. Other References:** This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:** The issues are not amenable to being narrowed by agreement or by motion. The evidence will be presented in the form of the administrative record contained in volumes, indexed, and paginated.

**16. Expedited Schedule:** Plaintiff contends that this case can be handled on an expedited basis with a streamlined procedure similar to those used in motion practice. Plaintiff proposes the following schedule:

```
8/31        opening brief
9/29        opposition briefs
10/20       reply briefs
—/—         hearing on the merits
```

Plaintiff's proposed schedule anticipates three (3) briefs: one opening brief, one defendants' opposition brief; and one reply brief. It does not utilize the summary judgment procedure. (Statements of undisputed facts are extraneous in mandamus cases since the facts are constrained to the administrative record.) Plaintiff does not anticipate the filing of simultaneous briefs, but a process similar to motion practice.

Federal Defendants contend that Plaintiff's suggestion, proposing a briefing schedule which allows *only* the Plaintiff to file a dispositive motion, is one-sided and inherently unfair to Federal Defendants. Therefore, the Federal Defendants

**JOINT CASE MANAGEMENT STATEMENT**
*Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607                                6

object to the Plaintiff's proposed briefing schedule and instead, asks the Court enter an order providing for a briefing schedule for summary judgment which allows the Federal Defendants an opportunity to respond to the Plaintiff's motion for summary judgment by counter-moving for summary judgment in favor of the Federal Defendants. To facilitate that, the Federal Defendants repeat their suggestion that the parties enter into a stipulation for briefing cross-motions for summary judgment, taking their respective schedules and that of the Court into account, and ask the Court to sign an order which adopts the parties' stipulation for briefing and hearing of cross-motions for summary judgment. For example, such a stipulation could include a schedule, as follows:

- 9/22/2008: Plaintiff's file/serve motion for summary judgment;

- 10/13/2008: Federal Defendants file/serve memorandum in opposition to Plaintiff's motion for summary judgment and Federal Defendants' motion for summary judgment and memorandum in support of same;

- 11/3/2008: Plaintiff's file/serve reply memorandum in support of its summary judgement motion and memorandum in opposition to Federal Defendants' motion for summary judgment;

- 11/17/2008: Federal Defendants file/serve reply memorandum in support of their motion for summary judgment;

- 12/8/2008: Hearing on cross-motions for summary judgment.

The Federal Defendants recommend the foregoing briefing plan, or a similar one, under an agreed-upon schedule, for dealing with cross-motions for summary judgment because it serves to identify and reduce the true points of contention and promotes judicial economy by:

**JOINT CASE MANAGEMENT STATEMENT**
*Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607                                                                7

1)  Reducing the number of total briefs for handling cross-motions for summary judgment, from six (6) under the alternative simultaneous briefing plan to four (4) briefs, i.e., two per side; and

2)  Allowing each party to respond to the arguments made by the adversary, thereby refining, sharpening, and reducing the number of disputed issues the Court truly needs to resolve.

The briefing of cross-motions for summary judgment for NEPA actions using a schedule similar to that proposed, above, has been routinely and successfully used by the Courts in this District to efficiently resolve such cases. The Federal Defendant suggests that it be adopted for use in this case, as well.

**18. Trial:** Trial is inappropriate and unnecessary in this record review case. The case should be handled on the briefs or motions for summary judgment based upon a schedule ordered by the Court. Plaintiff states that the hearing before the Court, whether on briefs or summary judgment, is expected to last 2 hours or less.

**19. Disclosure of Non-party Interested Entities or Persons:** The parties have not filed the "Certification of Interested Entities or Persons." Plaintiff here certifies that it knows of no persons, firms, partnerships, corporations (including parent corporations) or other entities to have either: (I) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Federal Defendants know no such entities or persons.

*//*

*//*

**20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.** Plaintiff refers the Court to item 16 above. Federal Defendants know of no such matters.

Dated: July 7, 2008             Law Office of Rose M. Zoia


_____/s/_____
Rose M. Zoia, counsel for Plaintiff Rohnert Park Citizens to Enforce CEQA



JOSEPH P. RUSSONIELLO
United States Attorney



_____/s/_____
CHARLES M. O'CONNOR
Assistant U.S. Attorney
Attorneys for the Federal Defendants

**JOINT CASE MANAGEMENT STATEMENT**
*Rohnert Park Citizens v. CALTRANS*, et al. C 07-4607                            9